**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

_____

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | Case No.: 3:16-cv-01735-D |
| | § | |
| **CHRISTOPHER A. FAULKNER,** | § | |
| **BREITLING ENERGY CORPORATION,** | § | |
| **JEREMY S. WAGERS,** | § | |
| **JUDSON F. ("RICK") HOOVER,** | § | |
| **PARKER R. HALLAM,** | § | |
| **JOSEPH SIMO,** | § | |
| **DUSTIN MICHAEL MILLER RODRIGUEZ,** | § | |
| **BETH C. HANDKINS,** | § | **Jury Trial Demanded** |
| **GILBERT STEEDLEY,** | § | |
| **BREITLING OIL & GAS CORPORATION,** | § | |
| **CRUDE ENERGY, LLC,** | § | |
| **PATRIOT ENERGY, INC.,** | § | |
| Defendants, | § | |
| | § | |
| **and** | § | |
| | § | |
| **TAMRA M. FREEDMAN and** | § | |
| **JETMIR AHMEDI,** | § | |
| Relief Defendants. | § | |
| | § | |

_____

## <u>ORIGINAL ANSWER OF RELIEF DEFENDANT TAMRA M. FREEDMAN</u>

COMES NOW Relief Defendant Tamra M. Freedman ("Freedman") and files this Original Answer to Plaintiff's First Amended Complaint, and in support thereof, would respectfully show the Court as follows:

### SUMMARY

1.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 1 of the First Amended Complaint.

---

2.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 2 of the First Amended Complaint.

3.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 3 of the First Amended Complaint.

4.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 4 of the First Amended Complaint.

5.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 5 of the First Amended Complaint.

6.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 6 of the First Amended Complaint.

7.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 7 of the First Amended Complaint.

8.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 8 of the First Amended Complaint.

9.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 9 of the First Amended Complaint.

10.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 10 of the First Amended Complaint.

11.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 11 of the First Amended Complaint.

12.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 12 of the First Amended Complaint.

13.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 13 of the First Amended Complaint.

14.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 14 of the First Amended Complaint.

15.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 15 of the First Amended Complaint.

16.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 16 of the First Amended Complaint.

17.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 17 of the First Amended Complaint.

18.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 18 of the First Amended Complaint.

19.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 19 of the First Amended Complaint.

20.    The assertions in paragraph 20 are not subject to admission or denial.  However, to the extent an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 20 of the First Amended Complaint.

## JURISDICTION AND VENUE

21.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 21 of the First Amended Complaint.

22.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 22 of the First Amended Complaint.

**DEFENDANTS**

23.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 23 of the First Amended Complaint.

24.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 24 of the First Amended Complaint.

25.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 25 of the First Amended Complaint.

26.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 26 of the First Amended Complaint.

27.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 27 of the First Amended Complaint.

28.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 28 of the First Amended Complaint.

29.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 29 of the First Amended Complaint.

30.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 30 of the First Amended Complaint.

31.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 31 of the First Amended Complaint.

32.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 32 of the First Amended Complaint.

33.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 33 of the First Amended Complaint.

34.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 34 of the First Amended Complaint.

## RELIEF DEFENDANTS

35.     Freedman admits she is age 37 and was formerly married to Defendant Faulkner. Freedman denies the remaining allegations of Plaintiff set forth in paragraph 35 of the First Amended Complaint.

36.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 36 of the First Amended Complaint.

## RELATED ENTITY

37.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 37 of the First Amended Complaint.

## STATEMENT OF FACTS

38.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 38 of the First Amended Complaint.

39.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 39 of the First Amended Complaint.

40.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 40 of the First Amended Complaint.

41.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 41 of the First Amended Complaint.

42.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 42 of the First Amended Complaint.

43.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 43 of the First Amended Complaint.

44.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 44 of the First Amended Complaint.

45.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 45 of the First Amended Complaint.

**Misrepresentations in BOG's offering documents about use of investor funds**

46.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 46 of the First Amended Complaint.

47.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 47 of the First Amended Complaint.

48.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 48 of the First Amended Complaint.

49.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 49 of the First Amended Complaint.

50.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 50 of the First Amended Complaint.

51.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 51 of the First Amended Complaint.

52.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 52 of the First Amended Complaint.

53.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 53 of the First Amended Complaint.

54.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 54 of the First Amended Complaint.

**BOG sold interests it did not own**

55.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 55 of the First Amended Complaint.

56.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 56 of the First Amended Complaint.

**BOG failed to segregate investor funds**

57.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 57 of the First Amended Complaint.

58.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 58 of the First Amended Complaint.

**Simo's geologist reports**

59.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 59 of the First Amended Complaint.

60.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 60 of the First Amended Complaint.

61.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 61 of the First Amended Complaint.

62.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 62 of the First Amended Complaint.

63.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 63 of the First Amended Complaint.

**BOG sales staff and commissions**

64.      Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 64 of the First Amended Complaint.

65.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 65 of the First Amended Complaint.

66.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 66 of the First Amended Complaint.

**Faulkner misappropriated BOG investor funds**

67.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 67 of the First Amended Complaint.

68.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 68 of the First Amended Complaint.

69.     Freedman denies the allegations of Plaintiff set forth in paragraph 69 as they relate to her, and lacks information sufficient to form a belief as to the truth of the statements of Plaintiff regarding Relief Defendant Ahmedi set forth in paragraph 69 of the First Amended Complaint.

70.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 70 of the First Amended Complaint.

71.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 71 of the First Amended Complaint.

**Transition from BOG to BECC and Crude**

72.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 72 of the First Amended Complaint.

73.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 73 of the First Amended Complaint.

74.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 74 of the First Amended Complaint.

75.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 75 of the First Amended Complaint.

76.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 76 of the First Amended Complaint.

**Faulkner starts up Crude**

77.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 77 of the First Amended Complaint.

78.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 78 of the First Amended Complaint.

79.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 79 of the First Amended Complaint.

80.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 80 of the First Amended Complaint.

81.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 81 of the First Amended Complaint.

82.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 82 of the First Amended Complaint.

83.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 83 of the First Amended Complaint.

84.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 84 of the First Amended Complaint.

85.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 85 of the First Amended Complaint.

86.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 86 of the First Amended Complaint.

### Crude's misrepresentations to investors

87.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 87 of the First Amended Complaint.

88.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 88 of the First Amended Complaint.

89.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 89 of the First Amended Complaint.

90.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 90 of the First Amended Complaint.

91.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 91 of the First Amended Complaint.

92.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 92 of the First Amended Complaint.

93.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 93 of the First Amended Complaint.

94.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 94 of the First Amended Complaint.

### Faulkner misappropriated investor funds through BECC

95.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 95 of the First Amended Complaint.

96.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 96 of the First Amended Complaint.

97.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 97 of the First Amended Complaint.

98.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 98 of the First Amended Complaint.

99.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 99 of the First Amended Complaint.

100.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 100 of the First Amended Complaint.

101.    Freedman denies the allegations of Plaintiff set forth in paragraph 101 as they relate to her, and lacks information sufficient to form a belief as to the truth of the statements of Plaintiff regarding Relief Defendant Ahmedi set forth in paragraph 101 of the First Amended Complaint.

## BECC'S misrepresentations

102.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 102 of the First Amended Complaint.

103.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 103 of the First Amended Complaint.

104.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 104 of the First Amended Complaint.

105.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 105 of the First Amended Complaint.

106.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 106 of the First Amended Complaint.

107.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 107 of the First Amended Complaint.

108.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 108 of the First Amended Complaint.

109.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 109 of the First Amended Complaint.

110.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 110 of the First Amended Complaint.

111.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 111 of the First Amended Complaint.

112.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 112 of the First Amended Complaint.

113.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 113 of the First Amended Complaint.

114.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 114 of the First Amended Complaint.

115.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 115 of the First Amended Complaint.

116.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 116 of the First Amended Complaint.

### Misrepresentations and lies to auditors

117.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 117 of the First Amended Complaint.

Relationship between BECC and Crude

118.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 118 of the First Amended Complaint.

119.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 119 of the First Amended Complaint.

BECC'S use of turnkey deals

120.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 120 of the First Amended Complaint.

121.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 121 of the First Amended Complaint.

Representations about Faulkner's expense reimbursements

122.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 122 of the First Amended Complaint.

123.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 123 of the First Amended Complaint.

**Faulkner manipulated the market in BECC's stock by "marking the close"**

124.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 124 of the First Amended Complaint.

125.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 125 of the First Amended Complaint.

126.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 126 of the First Amended Complaint.

127.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 127 of the First Amended Complaint.

128.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 128 of the First Amended Complaint.

129.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 129 of the First Amended Complaint.

130.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 130 of the First Amended Complaint.

131.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 131 of the First Amended Complaint.

132.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 132 of the First Amended Complaint.

133.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 133 of the First Amended Complaint.

**Transition from Crude to Patriot**

134.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 134 of the First Amended Complaint.

135.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 135 of the First Amended Complaint.

136.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 136 of the First Amended Complaint.

137.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 137 of the First Amended Complaint.

138.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 138 of the First Amended Complaint.

139.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 139 of the First Amended Complaint.

140.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 140 of the First Amended Complaint.

141.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 141 of the First Amended Complaint.

142.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 142 of the First Amended Complaint.

143.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 143 of the First Amended Complaint.

144.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 144 of the First Amended Complaint.

145.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 145 of the First Amended Complaint.

## FIRST CLAIM FOR RELIEF

**Violations of the Antifraud Provisions of the Securities Act**
**Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]**
[against Defendants Christopher A. Faulkner, Parker Hallam,
Dustin Michael Miller Rodriguez, Joseph Simo,
Beth Handkins, Brietling Oil & Gas Corporation,
Crude Energy, LLC, and Patriot Energy, Inc.]

146.    The assertions in paragraph 146 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 146 of the First Amended Complaint.

147.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 147 of the First Amended Complaint.

148.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 148 of the First Amended Complaint.

149.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 149 of the First Amended Complaint.

150.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 150 of the First Amended Complaint.

151.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 151 of the First Amended Complaint.

## SECOND CLAIM FOR RELIEF

**Violations of Antifraud Provisions of the Exchange Act
Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5]**
[against Defendants Christopher A. Faulkner, Breitling Energy Corporation,
Jeremy Wagers, Judson F. "Rick" Hoover, Parker Hallam,
Dustin Michael Miller Rodriquez, Joseph Simo, Beth Handkins,
Breitling Oil & Gas Corporation, Crude Energy, LLC, and Patriot Energy, Inc.;
aiding-and-abetting by Defendant Gilbert Steedley]

152.     The assertions in paragraph 152 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 152 of the First Amended Complaint.

153.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 153 of the First Amended Complaint.

154.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 154 of the First Amended Complaint.

155.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 155 of the First Amended Complaint.

156.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 156 of the First Amended Complaint.

157.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 157 of the First Amended Complaint.

158.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 158 of the First Amended Complaint.

159.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 159 of the First Amended Complaint.

### THIRD CLAIM FOR RELIEF

**Violations of the Securities Registration Provisions of the Securities Act**
**Section 5 [15 U.S.C. §§ 77c]**
[against Defendants Christopher A. Faulkner, Parker Hallam,
Dustin Michael Miller Rodriguez, Breitling Oil & Gas Corporation,
Crude Energy, LLC, and Patriot Energy, Inc.]

160.    The assertions in paragraph 160 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 160 of the First Amended Complaint.

161.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 161 of the First Amended Complaint.

162.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 162 of the First Amended Complaint.

## FOURTH CLAIM FOR RELIEF

**Violations of Reporting Provisions of the Exchange Act
Section 13(a), and Rules 12b-20, 13a-1, 13a-11, 13a-13
[15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]**
[against Defendants Breitling Oil & Gas Corporation; aided-and-abetted by
Defendants Christopher Faulkner, Jeremy Wagers, and Judson F. "Rick" Hoover]

163.    The assertions in paragraph 163 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 163 of the First Amended Complaint.

164.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 164 of the First Amended Complaint.

165.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 165 of the First Amended Complaint.

166.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 166 of the First Amended Complaint.

167.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 167 of the First Amended Complaint.

## FIFTH CLAIM FOR RELIEF

**Violations of the Books and Records and Internal Controls Provisions of the Exchange Act
Section 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)**
[against Defendant Breitling Energy Corporation; aided-and-abetted by
Defendants Christopher Faulkner, Jeremy Wagers, and Judson F. "Rick" Hoover]

168.    The assertions in paragraph 168 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 168 of the First Amended Complaint.

169.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 169 of the First Amended Complaint.

170.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 170 of the First Amended Complaint.

171.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 171 of the First Amended Complaint.

172.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 172 of the First Amended Complaint.

173.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 173 of the First Amended Complaint.

174.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 174 of the First Amended Complaint.

## SIXTH CLAIM FOR RELIEF

**Circumventing or Failing to Implement Internal Controls under Exchange Act**

**Section 13(b)(5) [15 U.S.C. § 78m(b)(5)]**
[against Defendant Christopher Faulkner]

**Rule 13b2-1 [17 C.F.R. § 240.13B2-1]**
[against Defendants Christopher Faulkner, Jeremy Wagers, and Judson F. "Rick" Hoover]

175.    The assertions in paragraph 175 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 175 of the First Amended Complaint.

176.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 176 of the First Amended Complaint.

177.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 177 of the First Amended Complaint.

## SEVENTH CLAIM FOR RELIEF

**Misrepresentations and Misconduct in Connection with
the Preparation of Required Reports
Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b-2]**
[against Defendants Christopher Faulkner, Jeremy Wagers, and Judson F. "Rick" Hoover]

178.     The assertions in paragraph 178 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 178 of the First Amended Complaint.

179.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 179 of the First Amended Complaint.

180.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 180 of the First Amended Complaint.

181.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 181 of the First Amended Complaint.

## EIGHTH CLAIM FOR RELIEF

**Violations of Certification Rules of the Exchange Act
Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14]**
[against Defendants Christopher Faulkner and Judson F. "Rick" Hoover]

182.     The assertions in paragraph 182 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 182 of the First Amended Complaint.

183.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 183 of the First Amended Complaint.

184.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 184 of the First Amended Complaint.

185.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 185 of the First Amended Complaint.

186.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 186 of the First Amended Complaint.

## NINTH CLAIM FOR RELIEF

### Proxy Violations of the Exchange Act
### Section 14(a) and Rule 14a-9 [15 U.S.C. § 78n(a) and 17 C.F.R. § 240.14a-9]
[against Defendants Breitling Energy Corporation and Jeremy Wagers]

187.     The assertions in paragraph 187 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 187 of the First Amended Complaint.

188.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 188 of the First Amended Complaint.

189.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 189 of the First Amended Complaint.

190.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 190 of the First Amended Complaint.

191.     Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 191 of the First Amended Complaint.

## TENTH CLAIM FOR RELIEF

**Violation of the Beneficial Ownership Reporting Requirements of the Exchange Act
Section 16(a) and Rule 16a-3 [15 U.S.C. § 78p(a) and 17 C.F.R. § 240.16a-3]**
[against Defendant Christopher Faulkner]

192.    The assertions in paragraph 192 are not subject to admission or denial.  To the extent that an answer is required, Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 192 of the First Amended Complaint.

193.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 193 of the First Amended Complaint.

194.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 194 of the First Amended Complaint.

195.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 195 of the First Amended Complaint.

196.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 196 of the First Amended Complaint.

197.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 197 of the First Amended Complaint.

198.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 198 of the First Amended Complaint.

199.    Freedman is without knowledge or information sufficient to form a belief as to the truth of the statements of Plaintiff set forth in paragraph 199 of the First Amended Complaint.

## ELEVENTH CLAIM FOR RELIEF

**Equitable claim against Relief Defendants**
[against Relief Defendants Tamra M. Freedman and Jetmir Ahmedi]

200.    The assertions in paragraph 200 are not subject to admission or denial.  To the extent that an answer is required, Freedman directs the Plaintiff to her responses in paragraphs 1-145 of her Original Answer.

201.    Freedman denies the allegations of Plaintiff set forth in paragraph 201 as they relate to her, and lacks information sufficient to form a belief as to the truth of the statements of Plaintiff regarding Relief Defendant Ahmedi set forth in paragraph 201 of the First Amended Complaint.

202.    Freedman denies the allegations of Plaintiff set forth in paragraph 202 as they relate to her, and lacks information sufficient to form a belief as to the truth of the statements of Plaintiff regarding Relief Defendant Ahmedi set forth in paragraph 202 of the First Amended Complaint.

203.    Freedman denies the allegations of Plaintiff set forth in paragraph 203 as they relate to her, and lacks information sufficient to form a belief as to the truth of the statements of Plaintiff regarding Relief Defendant Ahmedi set forth in paragraph 203 of the First Amended Complaint.

204.    Freedman denies the allegations of Plaintiff set forth in paragraph 204 as they relate to her, and lacks information sufficient to form a belief as to the truth of the statements of Plaintiff regarding Relief Defendant Ahmedi set forth in paragraph 204 of the First Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Relief Defendant Tamra M. Freedman respectfully prays that Plaintiff take nothing by its suit, and for such other and further relief, at law or in equity, to which Freedman may be justly entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:   */s/ Jeffrey J. Ansley*
     Jeffrey J. Ansley
     Texas Bar No. 00790235
     jansley@bellnunnally.com
     Gregory D. Kelminson
     State Bar No. 24070045
     gkelminson@bellnunnally.com
     Emily K. Lehmberg
     State Bar No. 24089052
     elehmberg@bellnunnally.com

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
(214) 740-1400
(214) 740-1499 – Facsimile

**COUNSEL FOR RELIEF DEFENDANT
TAMRA M. FREEDMAN**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document has been served on the following counsel on the 16th day of September, 2016.

**VIA ELECTRONIC FILING AND EMAIL:**

B. David Fraser
Senior Trial Attorney
U. S. Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, Suite 1900
Fort Worth, Texas  76102
**fraserb@sec.gov**

**COUNSEL FOR PLAINTIFF SECURITIES
AND EXCHANGE COMMISSION**

                      */s/ Jeff Ansley*
                      Jeffrey J. Ansley