# Exhibit C

JS-6

| | |
|---|---|
| | Priority ____ |
| | Send ____ |
| | Enter ____ |
| | Closed ____ |
| | JS-5/JS-6 ____ |
| | Scan Only ____ |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| **CASE NO.:** CV 17-08609 SJO (PLA) | **DATE:** February 13, 2018 |
| **TITLE:** Carole Ann Faulkner et al v. Thomas L. Taylor III | |

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANT:**

Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** [Docket No. 15]; **DENYING AS MOOT DEFENDANT'S MOTION TO CHANGE VENUE TO NORTHERN DISTRICT OF TEXAS** [Docket No. 8]

These matters are before the Court on (1) Defendant Thomas L. Taylor III's ("Defendant") Motion to Dismiss For Lack of Jurisdiction ("Dismissal Motion"), filed December 12, 2017; and (2) Defendant's Motion to Change Venue to Northern District of Texas ("Venue Motion"), filed December 5, 2017.  Plaintiffs Carole Ann Faulkner and U.S. Property Investment, Inc. ("USPI") (collectively, "Plaintiffs") have not, to date, opposed either motion.  The Court found these matters suitable for disposition without oral argument and vacated the hearings set for January 16, 2018.  *See* Fed. R. Civ. P. 78(b).  For the reasons stated below, the Court **GRANTS** Defendant's Dismissal Motion and **DENIES AS MOOT** Defendant's Venue Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this action in the Superior Court for the County of Los Angeles on November 14, 2017, alleging eight causes of action against Defendant for intentional interference with contract, intentional interference with prospective economic advantage, negligent interference with business relationships, intentional infliction of emotional distress, invasion of privacy, and defamation.  (*See* Notice of Removal, Ex. A ("Compl."), ECF No. 1-1.)  Defendant removed the action to this Court on November 28, 2017.  (Notice of Removal, ECF No. 1.)  The gravamen of Plaintiffs' claims surround unspecified but allegedly "fabricated, deceitful, fictitious, and inflaming information" provided by Defendant to Bank of the West and Rack Alley, LLC ("Rack Alley") that interfered with Plaintiffs' business relationships with these two entities.  (Compl. ¶¶ 5-12.)

Absent from the Complaint is the history of the relationship between the parties and the context of the information underlying the claims.  Defendant is a court-appointed Receiver tasked with marshaling and preserving assets managed by Plaintiff Carole Ann Faulkner's son Christopher A. Faulkner pursuant to an action for securities fraud in the Northern District of Texas (the "SEC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   <u>CV 17-08609 SJO (PLA)</u>          DATE:   <u>February 13, 2018</u>

Action").[1]  *See Securities and Exchange Commission v. Faulkner et al*, No. 16-cv-01735 (N.D. Tex.).  The First Amended Complaint ("FAC") in the SEC Action alleges that Christopher A. Faulkner used a series of entities controlled by him to misappropriate at least $30 million in investor funds to "maintain a lifestyle of decadence and debauchery." (FAC ¶ 1, No. 16-cv-01735, ECF No. 22.)

Defendant was appointed as Temporary Receiver over "all oil-and-gas related assets– in any form or of any kind whatsoever– owned, controlled, possessed, or managed, directly or indirectly, by" Christopher A. Faulkner on August 14, 2017.  (Order Appointing Temporary Receiver ["Original Receivership Order"], No. 16-cv-01735, ECF No. 108.)  The Original Receivership Order was later expanded to include "all assets"– not just "oil-and-gas related assets"– on September 25, 2017. (Order Granting Prelim. Inj., Asset Freeze ["Expanded Receivership Order"], No. 16-cv-01735, ECF No. 142.)  Both the Original Receivership Order and the Expanded Receivership Order stay "[a]ll civil legal proceedings of any nature . . . involving: (a) the Receiver, in his capacity as Reciever; and (b) any Receivership Assets, wherever located[.]" (Original Receivership Order at 8; Expanded Receivership Order at 12.)  The Expanded Receivership Order further states that the Northern District of Texas "shall retain jurisdiction over any action filed against the Receiver. . . based upon acts or omissions committed in their representative capacities."  (Expanded Receivership Order at 16.)

In mid-September, Christopher A. Faulkner transferred his share of the proceeds from the sale of Rack Alley, a technology company, to Plaintiff USPI, an entity controlled by both him and Plaintiff Carole A. Faulkner.  (Decl. of Receiver Thomas L. Taylor III in supp. Mot. ("Taylor Decl.") ¶ 14, ECF No. 17.)  Identifying these proceeds as "Receivership Assets" under the Expanded Receivership Order, Defendant demanded that Rack Alley and Bank of the West freeze and turn over any of these assets under their possession, custody or control, as well as turn over any information related to the transaction and payments to USPI.  (Taylor Decl. ¶ 14.)  On October 22, 2017, Defendant filed a motion for contempt against Plaintiff Carole A. Faulkner setting forth her role in the scheme to move the Rack Alley proceeds to USPI's accounts at Bank of the West. (Mot. to Amend Order, No. 16-cv-01735, ECF No. 166.)  The instant action followed.

II.     <u>DISCUSSION</u>

Defendant moves to dismiss the instant action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1), or, in the alternative, to transfer the action to the Northern District of Texas.

---

[1] Citations to docket entries in *Securities and Exchange Commission v. Faulkner et al*, No. 16-cv-01735 (N.D. Tex.), of which the Court takes judicial notice pursuant to Federal Rules of Evidence 201(b) and 201(c)(1), are hereinafter cited as "([Document title], No. 16-cv-01735, ECF No. [X].)".

JS-6
Case 2:17-cv-08609-SJO-PLA   Document 26   Filed 02/13/18   Page 3 of 3   Page ID #:502
Case 3:16-cv-01735-D   Document 265-3   Filed 04/05/18   Page 4 of 4   PageID 8019

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| **CASE NO.:** <u>CV 17-08609 SJO (PLA)</u> | **DATE:** <u>February 13, 2018</u> |

    A.    <u>Legal Standard</u>

In *Barton v. Barbour*, the Supreme Court announced the "general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." 104 U.S. 126, 128 (1881). While the aforementioned "*Barton* doctrine" was originally applied in the context of bankruptcy proceedings, the Ninth Circuit has found that the rule also applies to receiverships in actions for securities fraud. *S.E.C. v. Rubera*, 535 F. App'x 553, 554 (9th Cir. 2013). Courts applying the *Barton* doctrine have consistently found that when leave of court has not been obtained, any other forum adjudicating the action lacks subject matter jurisdiction. *See, e.g.*, *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005). Dismissal of the action is thus properly granted under Rule 12(b)(1), which allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1).

    B.    <u>Analysis</u>

It is clear from the vague allegations in the Complaint and the context of the action that Plaintiffs' claims derive from Defendant's conduct in his role as Receiver in the SEC Action. Plaintiffs' failure to oppose Defendant's motions also indicates a lack of intent to pursue the current action and an admission of the facts as stated in Defendant's motions. Under both the *Barton* doctrine and the receivership orders in the SEC Action, the Northern District of Texas retains sole jurisdiction over these matters. Plaintiffs' claims are thus properly dismissed under Rule 12(b)(1).

III.    <u>RULING</u>

Fore the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Lack of Jurisdiction and **DENIES AS MOOT** Defendant's Motion to Change Venue to Northern District of Texas. This matter shall close.

IT IS SO ORDERED.