**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| **CHRISTOPHER A. FAULKNER,** | § | **Case No. 3:16-cv-01735-D** |
| **BREITLING ENERGY CORPORATION,** | § | |
| **JEREMY S. WAGERS,** | § | |
| **JUDSON F. ("RICK") HOOVER,** | § | |
| **PARKER R. HALLAM,** | § | |
| **JOSEPH SIMO,** | § | |
| **DUSTIN MICHAEL MILLER** | § | |
| **RODRIQUEZ, BETH C. HANDKINS,** | § | |
| **GILBERT STEEDLEY,** | § | |
| **BREITLING OIL & GAS CORPORATION,** | § | |
| **CRUDE ENERGY, LLC,** | § | |
| **PATRIOT ENERGY, INC.** | § | |
| | § | |
| **Defendants,** | § | |
| | § | |
| **And** | § | |
| | § | |
| **TAMRA M. FREEDMAN, JETMIR** | § | |
| **AHMEDI,** | § | |
| | § | |
| | § | |
| **Relief Defendants.** | § | |

**RECEIVER'S CONSOLIDATED MOTION FOR SANCTIONS AGAINST CAROLE FAULKNER
AND BRIEF IN SUPPORT**

## I.     Introduction

Receiver Thomas L. Taylor, III (the "Receiver") moves the Court for entry of an
Order sanctioning Carole Faulkner ("Carole") for knowingly filing a groundless pleading
necessitating a response from the Receiver. Namely, Carole's Response in Opposition to the
Receiver's Application ("Contemnors' Response," Dkt. 264), (1) was presented for the

improper purposes of harassment, delay, or needlessly increasing the cost of litigation, (2) presents claims, defenses, and legal contentions that are not warranted by existing law relies on factual contentions that do not have evidentiary support and will not have factual support after reasonable investigation, and (3) relies upon denials of factual contentions that are not warranted on the evidence and are not reasonably based on belief or a lack of factual information.

Undeterred by this Court's Order holding her in Contempt for filing a lawsuit against the Receiver in California state court (Dkt. 247), Carole sought to blunt the impact of her contempt sanction by falsely representing to this Court that she "agreed" to drop the California lawsuit as early as December 8, 2017. Stated simply, Carole should be sanctioned for lying to this Court.

## II.     Factual Background and Procedural History

On February 13, 2018, this Court issued an Order that, among other things: (1) held Carole and U.S. Property Investments, Inc. ("USPI") (collectively, the "Contemnors") in contempt, and (2) directed the Receiver to file an application to recover his reasonable and necessary attorney's fees and costs related to Contemnors' conduct. ("Contempt Order," Dkt. 247.) On March 13, 2018 the Receiver filed its Application (Dkt. 258), and on March 15, 2018, the Receiver filed a Supplement clarifying the amounts attributable to each Contemnor. (Dkt. 259.) On April 5, 2018, Carole, on behalf of herself and USPI, filed Contemnors' Response opposing Receiver's Application. (Dkt. 264.) In that pleading, Carole falsely stated that she "agreed" with the Receiver's California counsel on December 8, 2017 to dismiss the California litigation that was the basis of the Court's Contempt Order. Carole's false narrative necessarily required a response from the Receiver, (1) to protect the Receiver's valid claim for

attorney's fees and (2) to refute Carole's defamatory accusation that the Receiver and his counsel unethically refused to dismiss the California litigation to "deliberately and malicious[ly] incur[] attorney fees and costs …." (Contemnors' Resp., Dkt. 264, at 3.)

A.    Carole's Representation to the Court that She "Agreed" to Dismiss the California Litigation is 100% False.

As set forth more fully in Receiver's Reply in Support of His Application for Attorney's Fees ("Receiver's Reply" Dkt. 267), which is fully incorporated herein by reference, Carole presented to this Court an objectively false narrative of facts relating to her filing of the California lawsuit against the Receiver and communications with Brian Corrigan, Receiver's California counsel.[1] On November 14, 2017, Carole filed the Contemnors' lawsuit against the Receiver in California Superior Court. (Receiver's Reply, Dkt. 267, at Ex. A, ¶ 3.) On November 28, 2017, Corrigan removed the lawsuit to federal court in California; on December 5, 2017, Corrigan filed a motion to transfer venue from California to this Court. (Receiver's Reply, Dkt. 267, at Ex. A, ¶¶ 4-5.) In Contemnors' Response, Carole states: "On December 8, 2017, Ms. Faulkner had the one and only conversation with the receiver's attorney Brian Corrigan in which she clearly stated that she agreed to his request to dismiss the California action regarding the receiver." (Contemnors' Resp., Dkt. 264, at p. 3.) This is false.

Contrary to Carole's story, Corrigan states under oath that on December 8, 2017 "Carole did not propose, much less agree, that she would dismiss the case. Instead, she indicated that she would oppose both motions. She explained that she felt that the Receiver's actions fell outside of his duties of the Receiver and that, as a result, the Receiver was

---

[1] Attached as Exhibit A to Receiver's Reply and fully incorporated herein by reference is a true and correct copy of the Affidavit of Brian Corrigan.

unprotected by this Court's injunction barring her California Action. We explained the Receiver's position that she was wrong, had no meritorious argument, and that the actions taken by her were unequivocally in contempt of this Court's Order. As I certified in the Motion to Dismiss, we were unable to reach any agreement with respect to the proposed motions. " (Receiver's Reply, Dkt. 267, at Ex. A, ¶6.)

On December 11, 2017, Carole confirmed to Corrigan that she received copies of the Court orders regarding scheduling he provided to her. (Receiver's Reply, Dkt. 267, at Ex. A, ¶7.) In that December 11 email, Carole does not mention any purported "understanding" on her part that on December 8 she agreed to dismiss the lawsuit. (Receiver's Reply, Dkt. 267, at Ex. A, ¶7 and Ex. A-5 thereto.) Indeed, on December 20 and 21, 2017, Corrigan and Carole exchanged more emails, relating to hearing dates on the Motion to Change Venue and the Motion to Dismiss. (Receiver's Reply, Dkt. 267, at Ex. A, ¶9.) Nowhere in those emails does Carole mention that she had somehow already "agreed" to dismiss the lawsuit, which would have rendered those hearings moot. (Receiver's Reply, Dkt. 267, at Ex. A, ¶9 and Ex. A-7 thereto.)

On December 26, 2017, twelve days after this Court's hearing on the Motions for Contempt, Carole emailed Corrigan, claiming that she somehow "understood" that the parties would not move forward on the California litigation "until the Dallas court had ruled on the contempt action." (Receiver's Reply, Dkt. 267, at Ex. A, ¶10.) Carole suggested in that December 26 email—for the first time—that she would have "no issue" with Corrigan seeking a dismissal *without prejudice*, which would preserve her right to "re-file the state action if necessary." (Receiver's Reply, Dkt. 267, at Ex. A, ¶10 and Ex. A-8 thereto.) Again, in Contemnors' Response, Carole misrepresents her communications with Corrigan, where it

is clear that no agreement to dismiss was ever reached. (*Compare* Contemnors' Resp., Dkt. 264, at 3 (stating that her December 26, 2017 email reiterated an "agreement to dismiss the case reached … three weeks earlier …") with Receiver's Reply, Dkt. 267, Ex. A, at ¶ 10 ("[C]ontrary to Carole's unsupported claim of an agreement to dismiss the case, there absolutely was never an agreement to dismiss the case, or even a statement of terms that would have been acceptable to both Carole and the Receiver.").)

Carole's assertion that she relied on Corrigan to file an agreed order of dismissal because she was not admitted to the U.S. District Court for the Central District of California is frivolous. (*See* Contemnors' Response, Dkt. 264, at p. 3.) As shown above, there is no evidence that Carole expressed to Corrigan, this Court, or the Receiver that she wanted the California case dismissed—either before or after Corrigan filed a Motion to Dismiss certifying that the parties conferred and could not reach agreement. (Receiver's Reply, Dkt. 267, at Ex. A-6, p. 4.)  Because Carole took no action to voluntarily dismiss the California lawsuit, the California federal Court dismissed it *involuntarily* on February 13, 2018, by granting the Receiver's motion to dismiss for lack of subject matter jurisdiction. (Receiver's Reply, Dkt. 267, at Ex. A, ¶¶ 11; 14 and Ex. A-9 thereto.)

## III.    Argument and Authorities

### A.    Legal Standard

Rule 11 sets forth the minimum standards that an attorney and party must meet when filing a pleading in federal court. Further, a violation of any subpart of Rule 11 is an independent basis for imposing sanctions. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 805 (5th Cir. 2003).

By presenting a pleading to the Court, an attorney represents that "it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). "[T]he standard under which the attorney is measured under Rule 11 is an objective, not subjective, standard of reasonableness under the circumstances. Accordingly, an attorney's good faith will *not*, by itself, protect against the imposition of Rule 11 sanctions." *Jenkins v. Methodist Hosps.*, 478 F.3d 255, 264 (5th Cir. 2007) (emphasis in original) (internal quotations omitted).

Rule 11 further requires that, by filing a pleading, an attorney represents that the "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivilous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). An attorney violates Rule 11(b)(2) by filing a pleading "with obviously deficient claims." *Marceaux v. Lafayette*, 614 F. App'x 705, 709 (5th Cir. 2015).

Third, Rule 11 mandates that in a pleading filed by an attorney, "the factual contentions [must] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." Fed. R. Civ. P. 11(b)(3). Likewise, "the denials of factual contentions [must be] warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information." Fed. R. Civ. P. 11(b)(4). Any sanction imposed should be "sufficient to deter repetition of [similar] conduct." Fed. R. Civ. P. 11(c)(4).

### B.   Carole Submitted Contemnors' Response for an Improper Purpose.

Contemnors' Response was submitted "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). "It goes without saying that lying to the court constitutes bad faith." *Graham v. Dall. Indep. Sch. Dist.*, No. 3:04-CV-

2461-B, 2006 U.S. Dist. LEXIS 13639, at *14 (N.D. Tex. 2006). While acting as her own attorney, Carole's cost of filing frivolous pleadings is negligible, but requires significant time and expense by the Receiver and his counsel to draft and issue responses. This had caused unnecessary delay and cost.

Moreover, Carole accused the Receiver and his counsel of eschewing their professional responsibilities to this Court and their clients by ignoring her requests to dismiss the case in order to "deliberately and malicious[ly] incur[] attorney fees and costs …." (Contemnors' Resp., Dkt. 264, at 3.) In that statement, Carole accused the Receiver and his Counsel of intentionally failing to act on an offer to dismiss the California lawsuit in order to continue incurring attorney's fees. If true, this would be a severe ethical violation. Moreover, failing to mention any such "agreement" would have violated the Receiver's and his counsel's duty of candor to the Court, as Carole's then-pending California litigation was the subject of argument and testimony during this Court's December 14, 2017 Contempt hearing. For this reason, Carole's false statements demand a response.

When a party files pleadings that that baselessly call into question the ethics and professional reputation of opposing counsel, sanctions should follow. *See Deutsch v. Henry*, No. A-15-CV-490-LY-ML, 2016 U.S. Dist. LEXIS 168987, at *3 (W.D. Tex. 2016) (imposing monetary sanctions and a referral to the Western District of Texas Disciplinary Committee when an attorney "defamed opposing counsel with false and abusive statements"); *see also Ayers v. Oil, Chem. & Atomic Workers Int'l Union*, CA 3:95-CV-2754-R, 1999 U.S. Dist. LEXIS 12831, at *4 (N.D. Tex. 1999) ("Losing a case is no excuse for defaming the opposing party and opposing counsel with made-up accusations that have no basis in fact.").

C.       **Contemnors' Response is Without Evidentiary Support.**

Carole further violated Rule 11(b)(3)-(4), because her factual claims are without evidentiary support, and her denials of continued prosecution of the California litigation are unwarranted on the evidence. *White v. Reg'l Adjustment Bureau, Inc.*, No. 3:11-CV-1817-B, 2015 U.S. Dist. LEXIS 186329, at *99 (N.D. Tex. 2015) (sanctioning counsel for a "systematic pattern of evasion, misrepresentation and outright lies … [that] degraded the entire judicial process").

D.       **The Court Should Sanction Carole.**

Given Carole's knowing violation of Rule 11, the Court should impose sanctions to deter repetition of such conduct, and to compensate the Receiver and his counsel for the time and expense of replying to Contemnor's Response and seeking redress through the presentation of this Motion to the Court.

IV.     **Conclusion**

For the foregoing reasons, the Receiver respectfully requests that the Court grant its Motion for Sanctions, and Order Carole to pay all of the Receiver's attorney's fees and costs in replying to Contemnor's Response and prosecuting this Motion for Sanctions.

Respectfully submitted,

**DYKEMA COX SMITH**

*/s/ Jason M. Ross*
_____
Edwin J. Tomko
State Bar No. 20117800
etomko@dykema.com
Jason M. Ross
State Bar No. 24027819
jross@dykema.com
**DYKEMA COX SMITH**
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas  75201
Telephone: (214) 462-6447
Facsimile: (214) 462-6401

**COUNSEL FOR TEMPORARY RECEIVER
THOMAS L. TAYLOR, III**


## CERTIFICATE OF CONFERENCE

I certify that, pursuant to Fed. R. Civ. P. 11(c)(2), a copy of this Motion was served upon Carole Faulkner on April 11, 2018 by: (1) e-mail, to the address on file with this Court's CM/ECF system by which Ms. Faulkner receives electronic notices; and (2) first class, certified U.S. Mail, return receipt requested. A signed return receipt confirming delivery was made on April 17, 2018. Ms. Faulkner did not respond to the notices described above. I further certify that on May 9, 2018, before filing this Motion, I spoke to Ms. Faulkner by telephone with the intention of conferring on this Motion and another matter pending before this Court. Ms. Faulkner ended the attempted conference abruptly, by hanging up the phone before I could discuss this Motion with her.


*/s/ Edwin J. Tomko*
_____
Edwin J. Tomko

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 9, 2018, I filed the foregoing document through the Court's CM/ECF system, which delivered electronic notice to all counsel of record, and served all Respondents who had not appeared.

*/s/ Edwin J. Tomko*
Edwin J. Tomko