UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | No. 3:16-CV-1735-D (BT) |
| v. | § § | |
| CHRISTOPHER A. FAULKNER, et al., | § § | |
| Defendants. | § | |

# **ORDER**

Before the Court is a Motion to Compel Document Production [ECF No. 268] filed by Movant Thomas L. Taylor, III, court-appointed receiver for the receivership assets of, and under the control of, Defendants Christopher A. Faulkner, Breitling Oil and Gas Corporation, and Breitling Energy Corporation, seeking documents from non-parties Inwood Investments, Inc. ("Inwood") and Frost Bank. Having considered the Motion, the applicable law, and the Joint Status Report filed by Movant and Frost Bank, the Court GRANTS the Motion.

Movant's subpoena seeks financial documents in the possession of Frost Bank pertaining to Inwood and Carole Faulkner ("Carole"). Movant represents that Inwood is a Receivership Asset "owned, controlled, managed, or possessed" by Receivership Defendant Christopher Faulkner ("Faulkner"). Carole is Faulkner's mother. Inwood's only known asset was Faulkner's Dallas home (the "Faulkner Residence"). Inwood sold the Faulkner Residence in July 2017.

1

Faulkner's counsel previously represented to Movant that Faulkner transferred his interest in the Faulkner Residence to Carole in January 2017, and Carole signed the closing documents on behalf of Inwood. However, Movant has discovered other evidence that shows Faulkner actually conveyed his interest in the Faulkner Residence on July 7, 2017 – the same date Inwood sold the residence to a third party—and that some of the proceeds from the sale of the Faulkner residence were paid to Faulker's ex-wife to satisfy an owelty lien. The remaining proceeds were apparently transferred to Inwood, which deposited the fund with Frost Bank. The funds were converted, at Carole's instruction, to cashier's checks made payable to Carole, which checks Carole later reported stolen. Movant contends the cashier's checks are Receivership Assets that Faulkner is hiding.

  Movant's subpoena to Inwood is directed to documents related to Inwood and the proceeds from the sale of the Faulkner Residence; specifically, documents that would assist Movant in determining whether any transfer of Faulkner's interest in Inwood to Carole was a bona fide, arm's length transaction, and what, if anything, Carole provided to Faulkner as consideration for the transfer of his interest in the corporation that owned his personal residence. Because Inwood is not in compliance with state law requiring it to maintain a registered agent in its state of incorporation, Movant served the Inwood subpoena on Carole. Inwood did not object to the subpoena, but it also did not

produce any responsive documents. Movant thus seeks an order from the Court compelling the production of responsive documents from Inwood.

Movant's subpoena to Frost Bank is directed to account information related to Inwood and a specific account under the name of Inwood or Faulkner. Movant served the subpoena on Frost Bank and waited an appropriate amount of time to comply with Texas Finance Code Section 59.006. Frost Bank timely responded to the subpoena and informed Movant that it located 61 pages of documents responsive to the subpoena. However, Frost Bank has not yet produced any documents due to a request from Carole, who informed Frost Bank's counsel that she intended to file an objection to the production on Inwood's behalf. As noted, Inwood has failed to file any objection. Therefore, Movant also seeks an order from the Court compelling the production of responsive documents from Frost Bank.

Section 59.006 of the Texas Finance Code "provides the exclusive method for compelled discovery of a record of a financial institution relating to one or more customers." Tex. Fin. Code § 59.006(a). Section 59.006(b) provides that a financial institution shall produce a record in response to a record request only if the institution is given at least 24 days to comply and the requestor pays the institution the reasonable costs of complying, including the costs of copying, postage, research, delivery and attorney's fees or posts a cost bond in the estimated amount of those costs. *Id.* § 59.006(b). Section 59.006(c) further provides that if the affected customer is not a party to the proceeding, the

requesting party also should give the customer notice of its rights to file a motion to quash and seek the customer's written consent. *Id.* § 59.006(c). Section 59.006(d) provides that if the customer who is not a party does not execute the written consent before the compliance is due, then the requesting party may seek the production of any complying documents to the Court *in camera*, and the Court will decide if the document is relevant and may order any necessary redactions. *Id.* § 59.006(d). Section 59.006(e) provides that a customer that is a party to the proceeding bears the burden of preventing or limiting the financial institution's compliance with a record request subject by seeking an appropriate remedy, including filing a motion to quash the record request or a motion for a protective order. *Id.* § 59.006(e).

Inwood has failed comply with Movant's subpoena and has failed to properly prevent or limit Frost Bank's compliance with the discovery of financial documents requested by the Movant, as required by Texas Finance Code § 59.006(d) and (e). Inwood also failed to comply with the Court's Order to meet-and-confer with Movant in an attempt to resolve this dispute without court intervention. Accordingly, the Motion to Compel [ECF No. 268] is GRANTED.

Inwood is ORDERED to produce all documents responsive to Movant's subpoena to Movant by **June 22, 2018.** Also, Frost Bank is ORDERED to produce all documents responsive to Movant's subpoena to the Court *in camera* by **June 22, 2018**. The documents ordered to be produced include, but are not limited to, all documents related to Inwood Investments, Inc., and the sale of the

Faulkner Residence, including all paper and electronic information, books, records, documents, account, and all other instruments and papers (such as cashier's checks). Movant must pay Frost Bank the reasonable costs of complying with this Order. Tex. Fin. Code § 59.006(b).

SO ORDERED.

June 7, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE