IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 3:16-CV-1735-D |
| **CHRISTOPHER A. FAULKNER,** **BREITLING ENERGY CORPORATION,** **JEREMY S. WAGERS,** **JUDSON F. ("RICK") HOOVER,** **PARKER R. HALLAM,** **JOSEPH SIMO,** **DUSTIN MICHAEL MILLER RODRIGUEZ,** **BETH C. HANDKINS,** **GILBERT STEEDLEY,** **BREITLING OIL & GAS CORPORATION,** **CRUDE ENERGY, LLC,** **PATRIOT ENERGY, INC.,** | § § § § § § § § § § § § § | |
| **Defendants,** | § § | |
| **and** | § § | |
| **TAMRA M. FREEDMAN and** **JETMIR AHMEDI,** | § § § § | |
| **Relief Defendants.** | § § | |

## FINAL JUDGMENT AS TO RELIEF DEFENDANT TAMRA M. FREEDMAN

The Securities and Exchange Commission having filed a Complaint and a First Amended Complaint, and Relief Defendant Tamra M. Freedman ("Relief Defendant") having by written Consent entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the First Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact

1

and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $900,000, representing ill-gotten gains as a result of the conduct alleged in the First Amended Complaint.  Relief Defendant shall satisfy this obligation by paying $900,000 to the court-appointed receiver—Thomas L. Taylor (the "Receiver")—for the estates of Defendants Christopher A. Faulkner, Breitling Oil & Gas Corporation, and Breitling Energy Corporation, pursuant to the terms of payment set forth in Paragraph II below.  Upon receipt by the Receiver, such funds shall become Receivership Assets within the meaning of the term in this Court's September 25, 2017 Order appointing the Receiver (Doc. 142).  Relief Defendant shall make payment in accordance with the following instructions:

Payment must be:  (A) made by United States postal money order, certified check, bank cashier's check, or bank money order; (B) made payable to "Receiver's Account, Estate of C. Faulkner, et al."; (C) hand-delivered or mailed to Thomas L. Taylor, The Taylor Law Offices, P.C., 245 West 18th Street, Houston, TX 77008; and (D) submitted under cover letter that identifies the Relief Defendant submitting the payment and the cause number of this civil action (*SEC v. Christopher A. Faulkner, et al.*, Civ. Act. No. 3:16-1735-D (N.D. Tex.)).  Further, Relief Defendant shall simultaneously send a copy of the cover letter and money order or check to B. David Fraser, Division of Enforcement, Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, TX 76102.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

In the event the Court discharges the Receiver before Relief Defendant fully pays disgorgement and any post-judgment interest, then Relief Defendant shall pay the outstanding balance to the Commission.  Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tamra M. Freedman as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

II.

Relief Defendant shall pay total disgorgement of $900,000 to the Receiver within 180 days after entry of this Final Judgment.  The amount owed in disgorgement by Relief Defendant shall be credited with a dollar-for-dollar offset against assets that were previously seized from Relief Defendant by the United States Attorney's Office for the Northern District of Texas ("USAO") and transferred to the Receiver, specifically: (1) $795,247.77 seized on October 20, 2017, and (2) a 2014 Land Rover Range Rover (the "Range Rover") seized on October 16, 2017. The Relief Defendant shall be credited with paying disgorgement in an amount equal to the sum of $795,247.77 plus the dollar value of the gross sale proceeds of the Range Rover upon its sale by the Receiver.

Payments shall be deemed made on the date they are received by the Receiver (and notice received by the Commission) and shall be applied first to post-judgment interest, which shall accrue pursuant to 28 U.S.C. § 1961 as to any amount that is delinquent under the payment schedule above.  Prior to making the final payment set forth herein, Relief Defendant shall contact the Receiver and the staff of the Commission to obtain the balance remaining on the $900,000 disgorgement.

If Relief Defendant fails to pay in full disgorgement of $900,000 by the deadline specified above, all outstanding amounts owed under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) 14 days after Relief Defendant fails to make any payment ordered herein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and Relief Defendant shall comply with all of the agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the First Amended Complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Done at Dallas, Texas July 20, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE