IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE    §
COMMISSION,                §
                           §
           Plaintiff,      §
                           § Civil Action No. 3:16-CV-1735-D
VS.                        §
                           §
CHRISTOPHER A. FAULKNER, et al., §
                           §
           Defendants.     §

MEMORANDUM OPINION
AND ORDER

The temporary receiver, Thomas L. Taylor, III (the "Receiver"), moves for sanctions against nonparty Carole Faulkner ("Carole") for violating Fed. R. Civ. P. 11(b). For the reasons that follow, the court grants the motion in part and denies it in part and defers a final ruling on the appropriate remedy until the Receiver submits records of relevant attorney's fees and costs.

I

In February 2018 the court held nonparties Carole and U.S. Property Investments ("USPI") in civil contempt. Relevant to this motion, the court found that Carole and USPI had aided and abetted defendant Christopher Faulkner ("Faulkner") in violating the September 25, 2017 order appointing a temporary receiver by suing the Receiver in California state court without leave of this court. *SEC v. Faulkner*, 2018 WL 888910, at *15

(N.D. Tex. Feb. 13, 2018) (Fitzwater, J.).[1] The court also held that the Receiver was entitled to recover his reasonable and necessary attorney's fees incurred in defending the California suit. *Id.*

In her response to the Receiver's application for attorney's fees, Carole, who is a licensed attorney in Texas and was representing herself, maintained that the Receiver's requested amount was unreasonable because, *inter alia*, it included fees incurred after she and the Receiver allegedly entered into an agreement that the lawsuit would be dismissed. She asserted that, on December 8, 2017, she and the Receiver's California counsel, Bryan Corrigan, Esquire ("Corrigan"), decided that Corrigan would file an "agreed order of dismissal with the California court." Carole Resp. at 3. She contends that, despite this agreement, Corrigan "continu[ed] to deliberately and malicious[ly] incur attorney fees and costs" by filing a motion to dismiss and motion to transfer venue. *Id.*

Aside from the unsworn assertions in her briefing, Carole offered no emails, affidavits, declarations, or other evidence that supported the existence of an agreement. The Receiver maintained that there had been no such agreement, and produced evidence that conclusively undermined Carole's allegations. Finding that none of Carole's objections had merit, and that the requested amount of attorney's fees was otherwise reasonable, the court

---

[1]This order enjoined all parties to legal proceedings involving the Receiver, in his capacity as a Receiver, "from commencing or continuing any such legal proceedings, or from taking an action . . . including . . . the issuance of process." Sept. 25 Order at 12.

approved the Receiver's fee application. *See SEC v. Faulkner*, 2018 WL 2739029, at *4 (N.D. Tex. June 7, 2018 (Fitzwater, J.).

The Receiver now moves to sanction Carole pursuant to Rule 11(c)(4), maintaining that she violated Rule 11(b) through her response to the Receiver's application for attorney's fees. The Receiver requests that the court order Carole to pay the attorney's fees and costs he incurred in filing a reply to Carole's objection, in addition to those incurred filing the instant Rule 11 motion. Carole has not filed a response.[2]

II

Rule 11(b) provides that, by presenting to the court a pleading, motion, or other paper, an attorney is certifying that to the best of her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing of existing law or for establishing new law;

---

[2]The court is aware of evidence that Carole has fled to Lebanon. *See United States v. Faulkner*, No. 3:18-MJ-407, slip op. at 3, 9 (N.D. Tex. Aug. 2, 2018) (Fitzwater, J.) (ordering Christopher A. Faulkner detained while awaiting trial on securities fraud and related charges, and noting evidence that person was working with Carole to find living arrangements in Lebanon; that Carole traveled to Lebanon in April 2018; that, shortly thereafter, Carole's house in Texas was listed for sale; and that Carole has failed to board two return flights to the United States and is believed to still be in Lebanon).

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). An attorney has a duty to conduct a "reasonable inquiry into the facts and law of a case at the time [at] which she affixes her signature on any papers to the court." *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). This court must apply a "snapshot" rule: sanctions under Rule 11 may not be imposed "merely for the eventual failure of a claim; rather, sanctions are to be applied only where, *at the time of the filing*, the position advocated is unwarranted." *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997) (emphasis added).

In determining whether an attorney has made a reasonable inquiry, the court may consider: "the time available to the attorney to prepare the document; the plausibility of the legal view contained in the document; the pro se status of the litigant; and the complexity of the legal and factual issues raised." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 875-76 (5th Cir. 1988) (en banc). "An attorney who files court papers with no basis in fact needs no more notice of her Rule 11 violation than the existence of Rule 11 itself."

*Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996). When Rule 11 has been violated, the court must "carefully choose sanctions that foster the appropriate purpose of the rule, depending upon the parties, the violation, and the nature of the case." *Thomas*, 836 F.2d at 877.

III

A

The Receiver maintains that Carole's response violated Rule 11(b) in two ways.[3] He first contends that Carole submitted her response "to harass, cause unnecessary delay, or needlessly increase the cost of litigation," thereby violating Rule 11(b)(1), because it "baselessly called into question the ethics and professional reputation of [the Receiver's] counsel." Rec'r Mot. at 7. The Receiver also posits that Carole's response violated Rule 11(b)(3)-(4) because her claim that there was an agreement to dismiss the California lawsuit and her denial that she continued to prosecute the California lawsuit are without evidentiary support. Although Carole has not responded, the court evaluates the Receiver's motion

---

[3]The Receiver properly filed this motion in accordance with the Rule 11 safe harbor requirements. Under Rule 11, a motion for sanctions may not be filed until at least 21 days after service of the motion on the offending party. *See* Fed. R. Civ. P. 11(c)(2). If, during this period, the alleged violation is withdrawn or appropriately corrected, the motion should not be filed with the court. This requirement is strictly construed. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). Here, the Receiver served a copy of this motion on Carole through email and certified first class mail on April 11, 2018. The Receiver received a signed return receipt confirming delivery on April 17. After Carole did not respond to these and other attempts at contact, the Receiver filed the instant motion with the court on May 9—22 days after April 17. Throughout this time, Carole had the opportunity to withdraw the pertinent portion of her response because the Receiver's application for attorney's fees was still pending before the court.

under the Rule 11 standards. *See Webb v. Morella*, 457 Fed. Appx. 448, 454 (5th Cir. 2012) (per curiam) (citing *Thomas*, 836 F.2d at 866) ("[A] district court may never grant a Rule 11 motion because it is unopposed and must always make a determination of the merits of the rule violation.")

B

The court first decides whether the Receiver has established that Carole violated Rule 11(b)(1).

1

Rule 11(b)(1) prohibits an attorney from filing a federal action for any improper purpose, i.e., to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Consequently, where it is objectively ascertainable that an attorney has submitted a paper to the court for an improper purpose, sanctions may be imposed. *See Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 805 (5th Cir. 2003); *Matta*, 118 F.3d at 415; *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 537 (5th Cir. 1990); *Nat'l Ass'n of Gov't Emps., Inc. v. Nat'l Fed'n of Fed. Emps.*, 844 F.2d 216, 224 (5th Cir. 1988).

2

The court is not able to reasonably infer that Carole violated Rule 11(b)(1). In finding a Rule 11(b)(1) violation, courts—including those cited by the Receiver—typically deem a party's purpose to be improper as a result of repeated filings or where evidence indicates an ulterior motive beyond the stated purpose of the filing. For example, in *Jordaan v. Hall*, 275

F.Supp.2d 778 (N.D. Tex. 2003) (Fish, C.J.), Chief Judge Fish found that the plaintiff had filed her complaint intending to disrupt related state proceedings and force the recusal of the state court judge. He concluded that "[t]he timing, length, and content of this recusal motion indicate that the original complaint was filed in order to force [the state court judge's] recusal on the basis of a carefully crafted conflict of interest." *Id.* at 786.; *see also Deutsch v. Henry*, 2016 WL 7165993, at *17 (W.D. Tex. Dec. 7, 2016), *aff'd*, 2017 WL 5652384 (W.D. Tex. Mar. 28, 2017), *and aff'd sub nom. Deutsch v. Phil's Icehouse, Inc.*, 716 Fed. Appx. 361 (5th Cir. 2018) (finding that attorney harassed opposing counsel by repeating 29 false statements in 113 separate filings over course of 6 cases).

Here, in submitting her response, Carole sought to reduce the amount of attorney's fees that the Receiver would recover as a result of the court's contempt holding. This response also included a separate argument that the Receiver does not allege violated Rule 11. Moreover, this is the only filing in which Carole made these claims. The Receiver points to no additional evidence suggesting improper purpose beyond the filing itself. Therefore, the courts holds that the Receiver failed to establish that Carole violated Rule 11(b)(1).

C

The court next addresses whether the Receiver established that Carole violated Rule 11(b)(3)-(4).

1

Rule 11(b)(3) provides that, by presenting a pleading, written motion, or other paper to the court, an attorney certifies that to the best of her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(b)(4) requires the same of denials of factual contentions. The Fifth Circuit has listed six factors to consider when determining whether an attorney has made a reasonable inquiry into the facts sufficient to satisfy Rule 11:

> (1) the time available to counsel for investigation; (2) the extent to which counsel relied upon his client for factual support for the document; (3) the feasibility of conducting a pre-filing investigation; (4) whether counsel accepted the case from another member of the bar or forwarding attorney; (5) the complexity of the factual and legal issues; and (6) the extent to which development of the factual circumstances underlying the claim require discovery.

*Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1026 (5th Cir. 1994).

2

The Receiver has established that Carole violated Rule 11(b)(3)-(4). Her factual contentions—not pleaded on information and belief—that she and the Receiver had agreed that the California lawsuit would be dismissed, and her denial of the Receiver's contention that she continued to prosecute the California lawsuit, have no basis in fact.

In the response to the Receiver's application for attorney's fees, Carole asserted that, on December 8, she and Corrigan decided that Corrigan would file "an agreed order" dismissing the California lawsuit. Carole Resp. at. 3. Her unsworn briefing was her only support; she offered no emails, affidavits, declarations, or other evidence that would indicate the existence of an agreement with the Receiver or his California counsel to dismiss the California lawsuit.

In multiple instances, Carole's own filings and emails show that these allegations were false and lacked any evidentiary support. First, in the contempt proceeding, Carole filed her and USPI's response to the Receiver's second motion to show cause on December 11, 2017. Despite being filed three days after Carole and Corrigan allegedly reached their agreement, the brief made no mention of any impending dismissal of the California lawsuit. Instead, Carole maintained that she "and USPI had a right to protect their assets" by filing the California lawsuit "when the Receiver acted in bad faith." Carole and USPI Resp. to Rec'r 2d Mot. for Order to Show Cause at 3. Thus Carole herself stated that she was continuing to prosecute the California lawsuit only 72 hours after the parties supposedly agreed to dismiss it. Similarly, also on December 11, Carole replied to a Corrigan email to confirm she had received the California court's orders related to the scheduling for the motion to dismiss and the motion to transfer. Again, she made no acknowledgment of any agreement or understanding to dismiss the very lawsuit to which that scheduling order pertained. Later, in a December 21 email to Corrigan, Carole recommended specific dates to hold the hearings for the pending motions in the California case.

The court need not examine each of the stated factors to determined whether Carole's investigation into the facts was reasonable. This is because Carole was a party to all alleged communications between herself and Corrigan, and therefore had access to all the evidence demonstrating that there was no agreement. Carole needed only to assess her own memory and email account to realize there was no agreement. In a December 26 email to Corrigan, Carole for the first time stated that she "misunderstood" prior discussions with Corrigan and thought that they "were not moving forward on any of the matters . . . until the Dallas court had ruled on the contempt action." R. Reply Ex. 8. But this claim is belied by Carole's multiple emails sent after the December 8 call scheduling hearings for the California lawsuit. Moreover, even if the court were to accept at face value Carole's claimed misunderstanding in late December, Rule 11 compliance is measured by an objective, not subjective, standard of reasonableness under the circumstances. *See Thomas*, 836 F.2d at 873. By the time Carole filed her response to the Receiver's application for attorney's fees, it was objectively unreasonable for her to assert that any December 8 agreement to dismiss the California lawsuit existed.

IV

Because Carole has violated Rule 11(b)(3)-(4), the court now examines what sanctions are appropriate.

A

After a violation of Rule 11(b) is established, the rule empowers the court to impose appropriate sanctions upon the attorneys, law firms, or parties responsible for the violation.

- 10 -

Rule 11(c)(1). This court has broad discretion in fashioning an appropriate sanction. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195-96 (5th Cir. 1993); *Willy v. Coastal Corp.*, 915 F.2d 965, 968 (5th Cir. 1990), *aff'd*, 503 U.S. 131, 112 (1992); *Thomas*, 836 F.2d at 871-72. Sanctions should be educational and rehabilitative in character, and, as such, tailored to the particular wrong. *Topalian v. Ehrman*, 3 F.3d 931, 936-37 (5th Cir. 1993). In ordering Rule 11 sanctions, the court must address: (1) the specific conduct giving rise to its sanctions order; (2) the expenses or costs caused by the violation of the rule; (3) whether or not the costs or expenses were reasonable, as opposed to self-imposed, mitigable, or the result of delay in seeking court intervention; and (4) whether or not the sanctions imposed are the least severe sanction adequate to achieve the purposes of Rule 11. *See id.*; *Thomas*, 836 F.2d at 877-78; *Seawright v. Charter Furniture Rental, Inc.*, 39 F.Supp.2d 795, 807-08 (N.D. Tex. 1999) (Kendall, J.).

B

Application of the first two factors is straightforward. As explained, the court holds that Carole violated Rule 11(b)(3)-(4) when she submitted a response to the Receiver's application for attorney's fees asserting that the Receiver had maliciously incurred unnecessary attorney's fees by defending the California lawsuit after Carole had agreed to dismiss it. Every dollar that the Receiver spent responding to this allegation—which had no evidentiary bases—"was a dollar wasted." *Seawright*, 39 F.Supp.2d at 807; *see also Jordaan v. Hall*, 275 F.Supp.2d 778, 791 (N.D. Tex. 2003) (Fish, C.J.).

As to the third and fourth factors, the court defers its decision until after the Receiver submits records of the attorney's fees and costs that he seeks. While the request itself indicates that the Receiver's expenses were not necessarily self-inflicted,[4] the court's insights into their reasonableness are limited without knowing the precise amount sought. *Cf. Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568-69 (5th Cir. 2006) (affirming district court's use of the lodestar method for calculating reasonable attorney's fees sanction under Rule 11). For the same reasons, the court is unable to determine whether assessing attorney's fees and costs is the least severe sanction adequate to achieve the purposes of Rule 11.[5]

---

[4]Whether the opponent's fees and expenses are reasonable "necessarily embraces an inquiry by the court into the extent to which the non-violating party's expenses and fees could have been avoided or were self-imposed." *Childs*, 29 F.3d at 1028 (citing *Thomas*, 836 F.2d at 878-79). A party seeking sanctions must promptly give notice to the offending party upon discovering an alleged Rule 11 violation, in order to avoid incurring unnecessary fees. *Id.* Here, there is no evidence that the Receiver attempt to provide such notice to Carole before filing a reply to her response. But "in a case such as the instant case where the attorney is said to have submitted a claim without any basis in fact, Rule 11 itself provides imputed notice." *Id.* Moreover, the Receiver faced a limited number of days to submit a reply to the response. Therefore, the Receiver's attorney's fees were not self-inflicted.

[5]The Receiver also seeks to recover attorney's fees and costs incurred in filing this Rule 11 motion. These costs are not governed by Rule 11(c)(4), but instead by Rule 11(c)(2). Under Rule 11(c)(2), "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." "An award of reasonable expenses under Rule 11(c)(2) is not a sanction for violating Rule 11(b)." *Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *1 (N.D. Tex. Apr. 24, 2014) (Fitzwater, C.J.). The Receiver may also submit records of these attorney's fees so that the court may take them into account should it decide to award attorney's fees as a remedy.

* * *

For the reasons explained, the court grants in part and denies in part the Receiver's motion for sanctions and defers a final ruling on the appropriate remedy until the Receiver submits records of relevant attorney's fees and costs. The Receiver must submit these within 21 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

August 3, 2018.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE