IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 3:16-CV-1735-D |
| **CHRISTOPHER A. FAULKNER,** **BREITLING ENERGY CORPORATION,** **JEREMY S. WAGERS,** **JUDSON F. ("RICK") HOOVER,** **PARKER R. HALLAM,** **JOSEPH SIMO,** **DUSTIN MICHAEL MILLER RODRIGUEZ,** **BETH C. HANDKINS,** **GILBERT STEEDLEY,** **BREITLING OIL & GAS CORPORATION,** **CRUDE ENERGY, LLC,** **PATRIOT ENERGY, INC.,** | § § § § § § § § § § § § § § | |
| Defendants, | § § | |
| **and** | § § | |
| **TAMRA M. FREEDMAN and** **JETMIR AHMEDI,** | § § § § | |
| Relief Defendants. | § § | |

**FINAL JUDGMENT AS TO DEFENDANT CHRISTOPHER A. FAULKNER**

The Securities and Exchange Commission having filed a Complaint and Defendant Christopher A. Faulkner ("Defendant") having by written Consent entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

       instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by filing or causing to be filed any annual or quarterly report on behalf of any issuer required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder, which contains a certification required by Rule 13a-14 [17 C.F.R. § 240.13a-14] that includes an untrue statement of material fact; or fails to include, in addition to the information required to be stated in such a certification, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or fails to disclose any information required to be disclosed therein.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 16(a) of the Exchange Act [15 U.S.C. § 78p] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3] by, as a person who directly or indirectly is the beneficial owner of more than 10% of any class of any equity security which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or as a director or officer of the issuer of such security, failing to report his beneficial ownership of such securities, or changes in his beneficial ownership, on filings with the Commission on Forms 3, 4, or 5 in accordance with the requirements of Section 16(a) of the Exchange Act and Rule 16a-3 thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2(a) of

the Exchange Act [17 C.F.R. § 240.13b2-2(a)] by, in the capacity of a director or officer of an issuer:

>  (a) Making or causing to be made a materially false or misleading statement to an accountant in connection with; or

> (b) Omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

>> (i) Any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or

>> (ii) The preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise; and

Further, Defendant is permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2(b) of the Exchange Act [17 C.F.R. § 240.13b2-2(b)] by, in the capacity of a director or officer of an issuer, or under the direction thereof, taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of that issuer that are required to be filed with the Commission if Defendant knew or should have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, or 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly providing substantial assistance to an issuer, whose securities are registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or which has a requirement to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)], that violates, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, or 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13], by failing to file annual, current, or quarterly reports in conformity with the instructions on Form 10-K, Form 8-K, and Form 10-Q, respectively, by failing to file such reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X [17 C.F.R. §§ 229.10 *et seq*. and 210.1-01 *et seq*.], or by failing to include such further material information as may be necessary to make the required statements in such reports, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer that:

(A)  fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(B)  fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

  (1)  transactions are executed in accordance with management's general or specific authorization;

  (2)  transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets;

  (3)  access to assets is permitted only in accordance with management's general or specific authorization; and

  (4)  the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is restrained and enjoined from participating, directly or indirectly, including, but not limited to, through any entity owned or controlled by him, in the issuance, purchase, offer, or sale of any unregistered securities, provided however that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $23,095,707, representing profits gained as a result of the conduct alleged in the Complaint, as amended, together with prejudgment interest thereon in the amount of $1,911,594, for a total of $25,007,301.  Defendant shall satisfy this obligation by paying $25,007,301 to the court-appointed receiver—Thomas L. Taylor (the "Receiver")—for the estates of Defendants Christopher A. Faulkner, Breitling Oil & Gas Corporation, and Breitling Energy Corporation.  Upon receipt by the Receiver, such funds shall become Receivership Assets within the meaning of the term in this Court's September 25, 2017 order appointing the Receiver (Doc. 142).

Defendant shall make payment in accordance with the following instructions.  Payment must be:  (a) made by United States postal money order, certified check, bank cashier's check, or bank money order; (b) made payable to "Receiver's Account, Estate of C. Faulkner, et al."; (c) hand-delivered or mailed to Thomas L. Taylor, The Taylor Law Offices, P.C., 245 West 18th Street, Houston, Texas 77008; and (d) submitted under cover letter that identifies the Defendant submitting the payment and the case number of this civil action (*SEC v. Christopher A. Faulkner, et al.*, Civ. Act. No. 3:16-CV-1735-D (N.D. Tex.)).  Further, Defendant shall simultaneously send a copy of the cover letter and money order or check to B. David Fraser, Division of Enforcement, Securities and Exchange Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, Texas 76102.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, in the event the Court discharges the Receiver before Defendant fully pays the $25,007,301 ordered in Section XIV above, then Defendant shall pay the outstanding balance, plus any post-judgment interest, to the Commission.  For any such payment, Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Christopher A. Faulkner as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan

to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

XVI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint, as amended, are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XVIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED**.

October 23, 2018.

                                                  _____
                                                  SIDNEY A. FITZWATER
                                                  SENIOR JUDGE