IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:16-CV-1735-D |
| VS. | § § | |
| CHRISTOPHER A. FAULKNER, et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

After the court held nonparty Carole Faulkner ("Carole") in civil contempt for interfering with the court-appointed temporary receiver ("Receiver"), it ordered her to pay the Receiver approximately $118,000 in attorney's fees within 30 days. After she failed to do so, the Receiver filed the instant motion for entry of final judgment against Carole for the attorney's fees in question, and for an order compelling Carole to show cause why she should not be held in contempt of the prior contempt order. For the reasons that follow, the court grants the Receiver's motion for a show cause order, sets the matter of Carole's alleged contempt for an evidentiary hearing, and sets the Receiver's motion for final judgment for oral argument.

I

This is an enforcement action by the U.S. Securities and Exchange Commission ("SEC") against Christopher A. Faulkner ("Christopher") and other defendants, alleging that Christopher orchestrated a massive fraud scheme by which he swindled investors out of

millions of dollars over a multi-year period. The present case is already the subject of a number of memorandum opinions and orders. *See, e.g., SEC v. Faulkner*, 2018 WL _____, at \*\_\_\_ (N.D. Tex. Oct. 29, 2018) (Fitzwater, J.) (collecting cases) (denying motion to impose constructive trust). The court will therefore confine its discussion of the facts to those that are necessary to understand this decision.

On September 25, 2018 the court granted the SEC's motion to appoint a receiver over the assets of certain defendant individuals and entities. *See SEC v. Faulkner*, 2017 WL 4238705, at \*4 (N.D. Tex. Sept. 25, 2017) (Fitzwater, J.). The accompanying order appointing a receiver (the "September 25 Order") froze Christopher's assets and imposed a mandatory stay of all related litigation. In February 2018, after an evidentiary hearing, the court issued an order ("Contempt Order") holding Carole in civil contempt for violating the September 25 Order on two different grounds. The first was based on Carole's activities with respect to an entity called U.S. Property Investments, Inc. ("USPI"), which she and Christopher jointly controlled. *See SEC v. Faulkner*, 2018 WL 888910, at \*12 (N.D. Tex. Feb. 13, 2018) (Fitzwater, J.). Christopher had received an influx of funds from the September 2017 sale of RackAlley, LLC ("RackAlley"), an entity in which he had held a one-third ownership interest. *Id.* at \*10. Instead of turning over these funds to the Receiver, as required by the September 25 Order, Christopher directed that the funds be paid to USPI. *Id.* Carole used her joint control over USPI to aid and abet Christopher's violation by preventing the Receiver from accessing proceeds that were deposited in USPI's bank account. *Id.* at \*12. Carole and USPI further violated the September 25 Order's stay of

litigation by filing suit against the Receiver in California state court on various state-law theories of "interference" with the RackAlley transaction. *Id.* at *13. The court accordingly ordered Carole to turn over the RackAlley proceeds in USPI's possession, to dismiss the California state court case, and to pay the reasonable and necessary attorney's fees and costs that the Receiver incurred in defending the California lawsuit. *Id.* at *15.

In June 2018 the court filed a memorandum opinion and order (the "Fee Award") that detailed the amounts for which Carole was jointly and severally liable to the Receiver under the Contempt Order. *See SEC v. Faulkner*, 2018 WL 2739029 (N.D. Tex. June 7, 2018) (Fitzwater, J.). The court held that "[Christopher] Faulkner and Carole are jointly and severally liable for $59,195.82; and Carole and USPI are jointly and severally liable for $58,894.70." *Id.* at *4. In total, Carole is jointly and severally liable for the sum of $118,090.52. The court gave Carole 30 days from the date the Fee Award was filed to pay the amount due. *Id.* She has failed so far to do so. The Receiver now moves for the entry of final judgment against Carole for the amount in question, and for an order that Carole show cause why she should not be held in contempt of the Contempt Order and the Fee Award. Carole opposes the motion.

II

The court first considers the Receiver's motion for the entry of final judgment. Although the court is not yet deciding this motion, it sets out the following about the governing law and the Receiver's argument.

The Receiver seeks the entry of a final judgment against Carole so that he can pursue

separate collection remedies against her. In support of his position, he relies on the "collateral order doctrine": the three-part test for whether an interlocutory decision on a collateral matter is immediately appealable. *See* Receiver Mot. Final J. 3. The Receiver does not explain, however, why the appealability of the Fee Award is relevant to whether the Receiver can pursue collection remedies against Carole. He offers no rule or other legal authority by which the court can convert the Fee Award into a final judgment enforceable by such remedies.

Fed. R. Civ. P. 54(b), the rule under which this court typically certifies final judgments entered before the conclusion of an entire lawsuit, is inapposite. By its terms, that Rule applies only to decisions resolving "claim[s]" against "parties." *See* Rule 54(b). A sanctions order is not a claim for relief. *See Nogess v. Poydras Ctr., L.L.C.*, 728 Fed. Appx. 303, 305 (5th Cir. 2018) (per curiam) (holding that Rule 11 sanctions were "not claims for relief" in wrongful death suit and therefore were not amenable to certification under Rule 54(b)). Nor is Carole a party. Rule 54(b) is thus inapposite.

Rule 69(a), which governs the execution of money judgments, is a possible alternative basis. But the court has not found, and the Receiver does not cite, any decision permitting a fee award in a contempt order to be executed under Rule 69(a). *See Talk Fusion, Inc. v. Burling*, 2017 WL 2889698, at *2-3 (M.D. Fla. June 23, 2017) (disapproving of argument that Rule 69 can be used to enforce fee award imposed by contempt order), *rec. adopted*,

2017 WL 2930931, at *1 (M.D. Fla. July 10, 2017).[1]  Moreover, a final judgment per Rule 69 usually is not enforceable by contempt.  *See, e.g., Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980 (11th Cir. 1986); *LM Ins. Corp. v. Jamali Devs., LLC*, 2018 WL 340037, at *1-2 (D.N.J. Jan. 9, 2018); *Pemex Exploración y Producción v. Big Star Gathering Ltd.*, 2016 WL 6806421, at *5 (S.D. Tex. Aug. 12, 2016) (citing *Andrews v. Roadway Express, Inc.*, 473 F.3d 565, 568-69 (5th Cir. 2006)); *see also Andrews*, 473 F.3d at 568 (stating that courts "narrowly" construe exceptions to general rule that Rule 69 money judgments must be enforced by writ of execution); *Bd. of Comm'rs of Stark Cty. v. Cape Stone Works, Inc.*, 206 F.Supp.2d 100, 103 (D. Mass. 2002) (stating the same).  A contempt order, in contrast, usually *is* enforceable by contempt.  *See, e.g., SEC v. Res. Dev. Int'l LLC*, 217 Fed. Appx. 296, 298 (5th Cir. 2007).  There is thus a missing link in the Receiver's argument: the link between the appealability of the Fee Award and this court's power, if any, to enter a final judgment that permits the Receiver to pursue his desired collection remedies.

Even assuming that appealability is the touchstone of the analysis, the Receiver's reliance on the collateral order doctrine is misplaced.  "[I]rrespective of the collateral-order doctrine, contempt orders are considered under their own regime and, in some cases, can be immediately reviewable or, in other cases, reviewable only from a final judgment in the underlying litigation." *Cruz v. Fulton*, 714 Fed. Appx. 393, 395 (5th Cir. 2018) (per curiam).

---

[1] The court recognizes that in an SEC civil enforcement action it has previously defined the word "judgment" in Rule 69 to mean "any order from which an appeal lies." *See SEC v. AmeriFirst Funding, Inc.*, 2008 WL 5191896, at *2 (N.D. Tex. Dec. 11, 2008) (Fitzwater, C.J.).  But on further reflection, the court has reconsidered this conclusion.

Under the applicable regime, "[a]s a general rule an adjudication of civil contempt is final and appealable as to a non-party." *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 398 (5th Cir. 1987). "[A] contempt decision's finality and appealability is composed of two parts: (1) a finding of contempt, and (2) an appropriate sanction for that contempt." *Id.* The nonparty appeal rule is inapplicable, however, if there is a substantial congruence of interests between the nonparty and a party to the action. *See Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 167 (7th Cir. 1997) (citing *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 78 (1988)); *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 5191896, at *4 (N.D. Tex. Dec. 11, 2008) (Fitzwater, C.J.). This is so because the order against the nonparty will effectively be reviewed when the party having congruent interests appeals the decision. *See AmeriFirst Funding*, 2008 WL 5191896, at *4. Persons who are subject to joint and several liability not only have congruent interests—they have *identical* interests when it comes to contesting the basis of their liability. *See id.* (citing *Cleveland Hair*, 106 F.3d at 167; *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 240 F.3d 1073, 2000 WL 1835109, at *1 & n.3 (5th Cir. Nov. 27, 2000) (per curiam) (unpublished table decision)). To the extent appealability matters, it is the above test that controls, not the collateral order doctrine.

The court has identified its concerns about granting the Receiver's motion as presently framed. But the gaps in the Receiver's argument may not be unbridgeable. Because the court will need to hold a hearing on the Receiver's contempt allegations in any event, *see infra* § III(B), it will at the same time hear oral argument on the Receiver's motion for final

judgment. *See infra* § IV. This will afford the Receiver and Carole an opportunity to address the concerns raised above.

III

The court now considers the Receiver's motion for a show cause order.

A

A court may enforce compliance with any valid order, including a contempt order, through civil contempt. *See, e.g., Res. Dev. Int'l, LLC*, 217 Fed. Appx. at 298; *AmeriFirst Funding*, 2008 WL 5191896, at *4-5. "[A] movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268, 271-72 (5th Cir. 2009) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). Although intent is irrelevant when a *party* is a respondent in a civil contempt proceeding, the court can only hold a *nonparty* in contempt if she had notice of a court order and knowingly violated it (or aided and abetted another in violating it). *See id.* at 272. Impossibility is a defense to contempt. If it is established that compliance with the order is impossible, "neither the moving party nor the court has any reason to proceed with the civil contempt action." *United States v. Rylander*, 460 U.S. 752, 757 (1983). The alleged contemnor bears the burden of producing credible evidence to show that compliance is impossible. *See id.*

"In general, due process requires 'that one charged with contempt of court be advised of the charges against [her], have a reasonable opportunity to meet them by way of defense

or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses.'" *Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 339-40 (5th Cir. 2015). The required notice is typically provided by "a show-cause order and a notice of hearing." *Id.* at 340. It is this type of order that the Receiver now seeks.

B

The main point of contention between the movant and nonmovant is whether it is impossible for Carole to comply with the Fee Award. Carole argues that she has no money with which to satisfy the Fee Award because she has been unemployed since December 2017, and her house is unreachable to satisfy the award under Texas' homestead laws.[2] The Receiver contends that Carole's supposed inability to pay is belied by the fact that she has been on an extended vacation in Lebanon since April 2018. He points out that Carole is

---

[2]In addition to her impossibility argument, Carole contends that she should not be held in contempt because Christopher, with whom she is jointly and severally liable for part of the Fee Award against her, is fully capable of satisfying the award; and the Receiver could also satisfy the award with assets owned by Inwood Investments, Inc., which is part of the receivership estate and which allegedly owes more than $350,000 to Carole. Both of these arguments are inconsistent with the concept of joint and several liability, which allows an injured person to hold any one of a number of codefendants liable for the full amount of his injury. *See Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1124-25 (5th Cir. 1995) ("Nothing is more clear than the right of a plaintiff, having suffered such a loss, to sue in a common-law action all the wrong-doers, or any one of them, at his election[.]" (quoting *The Atlas*, 93 U.S. 302, 315 (1876))); RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT LIAB. § 10 (2000) ("When, under applicable law, some persons are jointly and severally liable to an injured person, the injured person may sue for and recover the full amount of recoverable damages from any jointly and severally liable person."). The Receiver can seek satisfaction from whichever liable person he chooses. If Carole believes she has a contribution claim against Christopher or a contract claim against the receivership estate, it is incumbent upon her to pursue it.

licensed to practice law in two states and thus has a potential source of income. Moreover, the Receiver argues that regardless of whether Carole is able to satisfy the entire award now, she has no excuse for failing at least to confer with the Receiver or make some sort of good-faith partial payment.

An evidentiary hearing is necessary to determine whether Carole is in violation of the Fee Award, and, if so, whether that violation is excused by Carole's demonstrated inability to pay. The burden will initially be on the Receiver to prove Carole's noncompliance by clear and convincing evidence. *See Whitcraft*, 570 F.3d at 271. If he succeeds in doing so, Carole will then bear the burden of producing credible evidence showing that it is impossible for her to comply. *See Rylander*, 460 U.S. at 757 ("[I]n raising this defense, the defendant has a burden of production."); *United States v. Sorrells*, 877 F.2d 346, 348-49 (5th Cir. 1989).

IV

In accordance with the foregoing, it is ordered that Carole appear before the United States District Court for the Northern District of Texas, courtroom 1525 in the United States Courthouse, 1100 Commerce Street, Dallas, Texas, on November 30, 2018 at ___ p.m. and show cause why she should not be held in contempt for violating the terms of the February 13, 2018 memorandum opinion and order (ECF No. 247) holding her in civil contempt and the June 7, 2018 memorandum opinion and order (ECF No. 279) awarding the Receiver his attorney's fees and costs incurred in prosecuting a civil contempt motion. Carole is advised that she has the right to retain counsel, at her own expense, to represent her at the hearing.

She is also advised that if she cannot afford an attorney to represent her, she may file a timely motion for appointed counsel. Carole may be required to provide financial information that will enable the court to decide whether she qualifies for appointed counsel and whether she can pay part of the cost of appointed counsel.

The Receiver is responsible for serving a copy of this order on Carole.

No later than November 21, 2018 the Receiver and Carole must file witness and exhibit lists that identify each witness whom the person expects to call and each exhibit that the person expects to introduce at the hearing. The witness and exhibit lists must comply with N.D. Tex. Civ. R. 26.2(b). No later than November 26, 2018 the Receiver must also file an estimate of the length of the hearing so that the court can decide whether to impose time limits on the presentation of the evidence.

The court further advises the Receiver and Carole that it intends to hear oral argument on November 30, 2018 at 1:00 p.m. on the Receiver's motion for final judgment. Oral argument will be held at the United States District Court for the Northern District of Texas, courtroom 1525 in the United States Courthouse, 1100 Commerce Street, Dallas, Texas. Each side will be given ten minutes of argument time.

\* \* \*

For the reasons stated, the court grants the Receiver's motion for a show cause order, and it sets the Receiver's motion for final judgment for oral argument.

**SO ORDERED**.

October 29, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE