IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:16-CV-1735-D |
| VS. | § § | |
| CHRISTOPHER A. FAULKNER, et al., | § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

The court previously held that nonparty Carole Faulkner ("Carole"), an attorney, violated Fed. R. Civ. P. 11(b) by making false and baseless accusations against the court-appointed temporary receiver ("Receiver") in a response brief. The court must now decide what is an appropriate remedy. The Receiver seeks two forms of relief. First, he submits evidence of the attorney's fees he incurred in replying to Carole's mendacious filing, and moves the court to impose that sum as a sanction. Second, he asks the court to award him attorney's fees for litigating the Rule 11 motion itself. For the reasons that follow, the court grants the Receiver's motion as to both requests.

I

This is a civil enforcement action by plaintiff U.S. Securities and Exchange Commission ("SEC") against defendant Christopher A. Faulkner ("Faulkner") and other defendants, alleging that Faulkner orchestrated a massive fraud scheme by which he swindled investors out of millions of dollars over a multi-year period. The court has more thoroughly

set forth the facts relevant to the present motion in a prior memorandum opinion and order. *See SEC v. Faulkner*, 2018 WL 3708426, at *1 (N.D. Tex. Aug. 3, 2018) (Fitzwater, J.). The court will briefly summarize the background facts that are pertinent to today's decision.

In March 2018 the Receiver filed an application for attorney's fees and costs pursuant to this court's earlier decision to hold Carole and others in civil contempt. Carole opposed the application, alleging that the Receiver maliciously incurred excessive attorney's fees by continuing to defend a lawsuit in California state court after Carole had agreed to dismiss the case voluntarily. In his reply to Carole's opposition ("Reply Brief"), the Receiver demonstrated that Carole's accusation was false: there had been no such agreement. After the court approved the Receiver's fee application, he filed a motion for Rule 11 sanctions against Carole ("Rule 11 Motion"). The court denied the Rule 11 Motion in part and granted it in part, holding that Carole violated Rule 11(b)(3)-(4),[1] and left open the question of the appropriate remedy. *See id.* at *3-5.

The Receiver now submits evidence of the costs and attorney's fees he incurred in

---

[1]Rule 11(b)(3) provides:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Rule 11(b)(4) provides the same with respect to denials of facts.

addressing Carole's false assertions in the Reply Brief, and he moves the court to impose that amount—totaling $5,205.50—as a sanction. This sum represents 14.1 total hours of work. Jason M. Ross, Esquire ("Ross") and Travis E. Plummer, Esquire ("Plummer"), attorneys employed by Dykema Cox Smith, spent 11.2 and 2.4 hours, respectively, on the Reply Brief. Ross billed at the rate of $370 per hour (discounted from his normal rate of $480 per hour), and Plummer charged $360 per hour. The Receiver personally spent ½ hour on the matter, billed at a rate of $395 per hour. The Receiver also requests that, pursuant to Rule 11(c)(2), the court award him the sum of $4,840 in attorney's fees for preparing the Rule 11 Motion itself. Ross spent 9.1 hours, and Plummer spent 1.8 hours, on the Rule 11 Motion. The Receiver worked on the matter for 2 hours. And Andrew M. Goforth, Esquire, an attorney employed by the Receiver's law firm, devoted 0.2 hours to the Rule 11 Motion, billed at a rate of $175 per hour. In total, the Receiver's attorneys spent 13.1 hours on the Rule 11 Motion.

The Receiver contends that his attorneys spent a reasonable number of hours on the Reply Brief, that they billed at a reasonable rate, and that the attorney's fees he incurred in drafting the Reply Brief are the least severe sanction necessary to achieve the purposes of Rule 11. He maintains that the court should award him attorney's fees for preparing the Rule 11 Motion because he prevailed, and because he should not have to bear the cost of seeking sanctions for Carole's frivolous accusations. Carole has not responded.

II

The court first addresses whether the attorney's fees the Receiver incurred to draft the Reply Brief are an appropriate sanction for Carole's Rule 11 violation.

A

After a violation of Rule 11(b) is established, the Rule empowers the court to impose appropriate sanctions on the attorneys, law firms, or parties responsible for the violation. Rule 11(c)(1). The court has broad discretion in fashioning an appropriate sanction. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195-96 (5th Cir. 1993); *Willy v. Coastal Corp.*, 915 F.2d 965, 968 (5th Cir. 1990), *aff'd*, 503 U.S. 131, 139 (1992); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 871-72 (5th Cir. 1988) (en banc). In ordering Rule 11 sanctions, the court must address: (1) the specific conduct giving rise to its sanctions order; (2) the expenses or costs caused by the violation of the Rule; (3) whether or not the costs or expenses were reasonable, as opposed to self-imposed, mitigable, or the result of delay in seeking court intervention; and (4) whether or not the sanctions imposed are the least severe sanction adequate to achieve the purposes of Rule 11. *See Topalian v. Ehrman*, 3 F.3d 931, 936-37 (5th Cir. 1993); *Thomas*, 836 F.2d at 877-78; *Seawright v. Charter Furniture Rental, Inc.*, 39 F.Supp.2d 795, 807-08 (N.D. Tex. 1999) (Kendall, J.).

The court has already analyzed the first two factors. Carole's specific conduct was that she "submitted a response to the Receiver's application for attorney's fees asserting that the Receiver had maliciously incurred unnecessary attorney's fees by defending the California lawsuit after Carole had agreed to dismiss it." *Faulkner*, 2018 WL 3708426, at

*5. She made these assertions knowing that they lacked any evidentiary basis. *See id.* at *4-5. As to the second factor, the court held that every dollar the Receiver spent responding to Carole's allegations "was a dollar wasted." *Id.* at *5 (quoting *Seawright*, 39 F.Supp.2d at 807). The court also partially, but not completely, addressed the third factor by concluding that the Receiver's attorney's fees were not self-inflicted. *See id.* at *5 n.4. Now, after being presented with the Receiver's timekeeping records, the court resumes its analysis.

B

The court first turns to the question whether the Receiver's expenses were reasonable. *See Topalian*, 3 F.3d at 937. It is appropriate to use the lodestar method to determine whether attorney's fees are reasonable for the purposes of Rule 11 sanctions. *See Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568-69 (5th Cir. 2006). The lodestar fee is calculated "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Rutherford v. Harris Cty.*, 197 F.3d 173, 192 (5th Cir. 1999).

The hourly rates charged by the Receiver's various attorneys are reasonable. "The Court determines the appropriate hourly rate based upon the prevailing community standards for professionals of similar experience in similar cases." *SEC v. Allen*, 2013 WL 12125996, at *2 (N.D. Tex. Feb. 26, 2013) (O'Connor, J.) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). This determination is made based on the market conditions in the "community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. Dist. Cts. Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998)). "[T]rial courts are considered experts as to the reasonableness of

attorney's fees[.]" *Wherley v. Schellsmidt*, 2014 WL 3513028, at *2 (N.D. Tex. July 16, 2014) (Fitzwater, C.J.) (alterations in original) (quoting *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004)). "When the rate is not contested, it is *prima facie* reasonable." *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at *2 (N.D. Tex. May 27, 2008) (Fitzwater, C.J.) (quoting *Islamic Ctr. of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989)); *see also Skidmore*, 455 F.3d at 568-69 ("As the hourly rates submitted by the defense were not disputed, the sole factor for the court's determination was the reasonable number of hours expended." (footnote omitted)).

Here, the Receiver has presented evidence in the form of Ross's own declaration that the rates his attorneys charged are in line with prevailing community standards. Carole has presented nothing to the contrary. Ordinarily, it is preferable that a party seeking attorney's fees offer objective evidence, besides his attorney's own declaration or affidavit, showing that the rates he was charged are reasonable—such as affidavits from other attorneys practicing in the community. *See Tollett*, 285 F.3d at 368-69. But the court may look past the absence of such evidence where the rates in question are uncontested. *See id.* Because Carole has not contested the rates that the Receiver's attorneys charged, the court finds that those rates are *prima facie* reasonable. Moreover, the court—applying its expertise in reasonable legal fees—has already approved other fee requests from the Receiver for work done by the same attorneys at the same rates. Carole has offered no reason why the court should now consider those rates to be unreasonable.

The court also finds that the hours spent on the Reply Brief are reasonable. "The

district court is not only required to determine whether the total hours claimed are reasonable, but also whether particular hours claimed were reasonably expended." *Kellstrom*, 50 F.3d at 325 (quoting *Alberti v. Klevenhagen*, 896 F.2d 927, 932 (5th Cir.), *vacated on other grounds*, 903 F.2d 352 (5th Cir. 1990) (per curiam)). The Receiver must show that his attorneys exercised "billing judgment," by providing "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam). Ideally, the Receiver should document his hours in the form of contemporaneous billing records "containing the date, the number of hours spent (calculated to a tenth of an hour), and a short but thorough description of the services rendered." *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997). "[T]he court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 432-34 (1983)). Because Carole has not challenged the Receiver's documented hours as unreasonable, the court need not present its hour-by-hour analysis in great detail. *See, e.g., Arriaga v. Califco, LLC*, 2013 WL 5928852, at *1 (N.D. Tex. Nov. 5, 2013) (Fitzwater, C.J.) (conducting abbreviated analysis of reasonableness of hours expended where nonmovant did not controvert those hours).

The court finds that the Receiver has submitted adequate and contemporaneous billing records with respect to the Reply Brief. The total amount of time spent on the Reply Brief, 14.1 hours, is quite reasonable in light of the length and nature of the document. It is also

apparent, from the court's thorough review of the billing records, that these hours were spent in a reasonable manner. There is no need to exclude any time as excessive, duplicative, or inadequately documented. Nor has the Receiver submitted any time entries that should have been written off in the exercise of billing judgment. In light of this assessment of the record, the court holds that the hours spent on the Reply Brief are reasonable.

There is a "strong presumption that the lodestar award is the reasonable fee." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999). Nevertheless, "the court must consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors." *AmeriFirst Funding*, 2008 WL 2185193, at * 1 (internal quotation marks omitted).[2] District courts "need not specifically discuss the *Johnson* factors where [they have] applied the *Johnson* framework." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009). Because Carole has not opposed the Receiver's motion, "the court will not discuss each of the applicable factors individually." *Arriaga*, 2013 WL 5928852, at *2; *see also Vanliner*

---

[2]The *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney was precluded from other employment by the acceptance of this case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or the circumstances imposed time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). "In applying [the *Johnson* factors], the district court must explain the findings and the reasons upon which the award is based. However, it is not required to address fully each of the 12 factors." *Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 552 (5th Cir. 1987) (citation omitted).

*Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 n.6 (N.D. Tex. Apr. 24, 2014) (Fitzwater, C.J.) (stating the same).

Applying the *Johnson* framework, the court sees no reason to modify the lodestar amount. The most important *Johnson* factor is the result obtained. *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (citing *Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998) (per curiam)). Here, the Reply Brief was an unqualified success: it not only persuaded the court to approve the Receiver's fee application over Carole's opposition, but also laid the groundwork for the Rule 11 Motion by thoroughly debunking Carole's accusations. "Where a [movant] has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. None of the other *Johnson* factors suggests that the matter before the court is one of the rare, "exceptional cases" that justifies departure from the lodestar. *See Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).[3] Neither the Receiver nor Carole requests an adjustment, either upward or downward. The court therefore concludes that the lodestar amount—here, $5,205.50—is a reasonable attorney's fee.

---

[3]The court has already taken into account some of the *Johnson* factors, including factors one and seven, in calculating the lodestar—they are implicit in either the attorneys' reasonable billing rates or the reasonable hours spent on the Reply Brief. The court does not "double count" these factors here. *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996) (indicating that first and seventh *Johnson* factors are already included in lodestar amount).

C

The court also holds that imposing the Receiver's fees on Carole is the least severe sanction adequate to serve the purpose of Rule 11, which is "aimed at curbing abuses of the judicial system." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). While less severe sanctions, such as an oral or written reprimand, are theoretically available to the court, Fifth Circuit precedent "does not require that the 'least severe sanction' be imposed, [but] rather that the 'least severe sanction adequate to serve the purpose' of Rule 11 be imposed." *Harmony Drilling Co. v. Kreutter*, 846 F.2d 17, 19 (5th Cir. 1988) (per curiam) (quoting *Thomas*, 836 F.2d at 877-78).

Here, anything less than a monetary sanction would be inadequate to deter Carole from future violations of Rule 11. Carole has repeatedly and willfully abused the judicial system in connection with the present case. She violated Rule 11—in a vain attempt to avoid the consequences of her misdeeds—*after* the court had already held her in civil contempt for filing an unauthorized and harassing lawsuit against the Receiver in California. *See Faulkner*, 2018 WL 3708426, at *1. Moreover, Carole is not currently employed as a lawyer, and the court is aware of evidence that she has fled to Lebanon. *See id.* at *1 n.2. This suggests to the court that lesser sanctions will not deter her in any way. A monetary sanction is necessary, and the Receiver's expenses in the amount of $5,205.50 are an appropriate sanction.

III

The court now turns to the question whether the Receiver should be awarded the attorney's fees he incurred in preparing the Rule 11 Motion.

A

Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred" for litigating a Rule 11 motion. The court may award expenses to the prevailing party whether he is "the movant or the target of the [Rule 11] motion." *See* Rule 11(b)-(c) advisory committee's note (1993 amendment). "An award of reasonable expenses under Rule 11(c)(2) is not a sanction for violating Rule 11(b)." *Vanliner*, 2014 WL 1632181, at *1 (collecting cases). A court is therefore not required, in considering a request for reasonable expenses pursuant to Rule 11(c)(2), to apply the substantive requirements of Rule 11(c)(4)-(6). *See id.* Instead, the court applies the requirements of Rule 11(c)(2) itself, which provides that the award of expenses to the prevailing party must be "warranted" and "reasonable." *Id.*

The court is not aware of any clear, authoritative precedent governing when an award of expenses is warranted—nor is this court the first to note the absence of such case law. *See Adhikari v. Daoud & Partners*, 2017 WL 5904782, at *8 (S.D. Tex. Nov. 30, 2017) ("The Court has found no binding precedent addressing when Rule 11(c)(2) expenses are warranted and when not."). The decision to award expenses is within the court's discretion. *See Goldberg v. Blue Ridge Farms, Inc.*, 2005 WL 1796116, at *7 (E.D.N.Y. July 26, 2005). In determining whether expenses are reasonable, it is appropriate to use the lodestar method.

*See, e.g., Vanliner*, 2014 WL 1632181, at *2; *Harman v. City of Univ. Park*, 1997 WL 53120, at *1-2 (N.D. Tex. Feb. 3, 1997) (Boyle, J.).

B

The court, in its discretion, holds that an award of expenses is warranted in the present case. Legal services are not free—if Carole does not pay the reasonable costs of the Rule 11 Motion, the money must instead come from the receivership estate, which ultimately reduces the sums available to pay victims of Faulkner's securities fraud. These innocent victims should not have to bear the financial burden of Carole's Rule 11 violation. The court will therefore shift that burden to Carole, as Rule 11(c)(2) permits it to do.

The court also holds that the attorney's fees requested by the Receiver are reasonable. In so finding, the court has thoroughly reviewed the timekeeping records the Receiver submitted, and has applied all of the principles of the lodestar method detailed above. *See supra* § II(B). The court finds that the rates charged by the Receiver's attorneys are reasonable, that the hours spent on the Rule 11 Motion are reasonable, and that the *Johnson* factors do not warrant an upward or downward departure from the lodestar. Carole has argued nothing to the contrary. Thus the sum of $4,840 is a reasonable fee.

* * *

For the foregoing reasons, the court grants the Receiver's application for attorney's fees and costs. Carole is ordered to pay the Receiver the sum of $10,045.50 within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

November 13, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE