## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 3:16-CV-1735-D |
| CHRISTOPHER A. FAULKNER, | § | |
| BREITLING ENERGY CORPORATION, | § | |
| JEREMY S. WAGERS, | § | |
| JUDSON F. ("RICK") HOOVER, | § | |
| PARKER R. HALLAM, | § | |
| JOSEPH SIMO, | § | |
| DUSTIN MICHAEL MILLER RODRIGUEZ, | § | |
| BETH C. HANDKINS, | § | |
| GILBERT STEEDLEY, | § | |
| BREITLING OIL & GAS CORPORATION, | § | |
| CRUDE ENERGY, LLC, | § | |
| PATRIOT ENERGY, INC., | § § | |
| Defendants, | § § | |
| and | § § | |
| TAMRA M. FREEDMAN and | § | |
| JETMIR AHMEDI, | § | |
| | § | |
| Relief Defendants. | § § | |

**FINAL JUDGMENT AS TO DEFENDANT JUDSON F. ("RICK") HOOVER**

The Securities and Exchange Commission having filed a Complaint and a First Amended

Complaint and Defendant Judson F. ("Rick") Hoover having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of the

First Amended Complaint (except as to jurisdiction and except as otherwise provided herein in

paragraph XI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer, whose securities are registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or which has a requirement to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)], that violates, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, or 13a-13 thereunder [17 C.F.R. §§  240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13], by failing to file annual, current, or quarterly reports in conformity with the instructions on Form 10-K, Form 8-K, and Form 10-Q, respectively, by failing to file such reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X [17 C.F.R. §§ 229.10 *et seq*. and 210.1-01 *et seq*.], or by failing to include such further material information as may be necessary to make the required statements in such reports, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to an issuer that:

(A)     fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(B)     fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1)     transactions are executed in accordance with management's general or specific authorization;

(2)     transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (b) to maintain accountability for assets;

(3)     access to assets is permitted only in accordance with management's general or specific authorization; and

(4)     the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-1 of the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2] by:

(a)    In the capacity of a director or officer of an issuer:

(1) Making or causing to be made a materially false or misleading statement to an accountant in connection with; or

(2) Omitting to state, or causing another person to omit to state, any material fact

5

necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

(i) Any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or

(ii) The preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise; and

(b)     In the capacity of an officer or director of an issuer, or under the direction thereof, taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of that issuer that are required to be filed with the Commission if Defendant knew or should have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED Defendant is permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by filing or causing to be filed on behalf of any issuer any annual or

quarterly report required to be filed with the Commission pursuant to Section 13(a) of the

Exchange Act [15 U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder,

which contains a certification required by Rule 13a-14 [17 C.F.R. § 240.13a-14] that includes an

untrue statement of material fact; or fails to include, in addition to the information required to be

stated in such a certification, such further material information as may be necessary to make the

required statements, in light of the circumstances under which they are made, not misleading; or

fails to disclose any information required to be disclosed therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited for five

(5) years following the date of entry of this Final Judgment, from acting as an officer or director

of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act

[15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act

[15 U.S.C. § 78o(d)].

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for a civil penalty in the amount of $160,000 pursuant to Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying

$160,000 to the court-appointed receiver—Thomas L. Taylor (the "Receiver")—for the estates

of Defendants Christopher A. Faulkner, Breitling Oil & Gas Corporation, and Breitling Energy

Corporation within 360 days after entry of this Final Judgment.  Upon receipt by the Receiver,

such funds shall become Receivership Assets within the meaning of the term in this Court's

September 25, 2017 order appointing the Receiver (Doc. 142).

Defendant shall make payment in accordance with the following instructions.  Payment

must be: (a) made by United States postal money order, certified check, bank cashier's check, or

bank money order; (b) made payable to "Receiver's Account, Estate of C. Faulkner, et al."; (c)

hand-delivered or mailed to Thomas L. Taylor, The Taylor Law Offices, P.C., 245 West 18th

Street, Houston, Texas 77008; and (d) submitted under cover letter that identifies the Defendant

submitting the payment and the case number of this civil action (*SEC v. Christopher A.

Faulkner, et al.*, Civ. Act. No. 3:16-CV-1735-D (N.D. Tex.)).  Further, Defendant shall

simultaneously send a copy of the cover letter and money order or check to B. David Fraser,

Division of Enforcement, Securities and Exchange Commission, Burnett Plaza, Suite 1900, 801

Cherry Street, Unit 18, Fort Worth, Texas 76102.  By making this payment, Defendant

relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds

shall be returned to Defendant.

Payments shall be deemed made on the date they are received by the Receiver and shall

be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any

unpaid amounts due after 360 days of the entry of Final Judgment.  Prior to making the final

payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

IX.

In the event the Court discharges the Receiver before Defendant fully pays the $160,000 ordered in Section VIII, above, then Defendant shall pay the outstanding balance, plus any post-judgment interest, to the Commission.  For any such payment, Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Judson F. ("Rick") Hoover as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

9

identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or

10

more investors based on substantially the same facts as alleged in the First Amended Complaint in this action.

## X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the First Amended Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: December 19, 2018
_____, _____

_____
SIDNEY A. FITZWATER
SENIOR JUDGE