**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE** | § | |
| **COMMISSION**, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 3:16-cv-01735-D |
| | § | |
| **CHRISTOPHER A. FAULKNER, et al.**, | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| **TAMRA M. FREEDMAN and** | § | |
| **JETMIR AHMEDI**, | § | |
| Relief Defendants. | § | |

**RECEIVER'S RESPONSE TO CAROLE FAULKNER'S**
**MOTION FOR EXTENSION OF TIME**

Thomas L. Taylor III ("Receiver"), Court-appointed temporary receiver, respectfully files this Response ("Response") in opposition to the Motion of Carole Faulkner (ECF No. 426) ("Motion") seeking an extension of time to comply with the Court's Order (ECF No. 397) ("Penalty Order") requiring her to pay a nonpunitive penalty of $250 per day unless she satisfies on or before April 22, 2019 her payment of the $118,000 Fee Award[1] previously imposed by the Court and owed to the Receiver. The primary reason for her request for additional time -- that she needs to list her residence for sale during the April – August, 2019 "selling season" -- is unavailing because she previously listed her residence for sale during the 2018 "selling season" before voluntarily de-listing it when the Receiver demanded payment from the proceeds of any consummated sale. Additionally, Ms. Faulkner fails to raise any new issues of fact before the Court

---

[1] Capitalized terms not defined herein have the same meaning ascribed to them in the Penalty Order.

which were not raised in her previous filings and previous testimony on this matter. Her Motion is simply the most recent iteration of her wrongful conduct in interference with the Receiver's administration of the Receivership Estate.

## I.     Background

On June 7, 2018 the Court imposed the Fee Award on Ms. Faulkner upon holding her in contempt of the Court's Receivership Orders[2]. ECF No. 279 ("Contempt Order"). Ms. Faulkner was required to satisfy the Fee Award within 30 days. *Id*. at 10[3]. Ms. Faulkner failed to make any payments to the Receiver by the July 7, 2018 deadline.

Accordingly, on August 3, 2018 the Receiver moved for a contempt order to be entered against Ms. Faulkner for her failure to pay the Fee Award. ECF No. 299 ("Fee Award Contempt Motion"). On the same day, the Receiver sought the imposition of a constructive trust of at least $30,000 against Ms. Faulkner's homestead ("Ambleside Residence") on the grounds that she had made payments against her home mortgage in this amount with Receivership Assets. ECF No. 298 ("Constructive Trust Motion").

As the Receiver stated in his August 3, 2018 Fee Award Contempt Motion and Constructive Trust Motion, public records "confirm that the [Ambleside Residence] is currently listed 'for sale,' with Coldwell Banker Residential Brokerage-Flower Mound acting as the seller's broker." ECF No. 298-1 at 3, ¶6; *see also* ECF No. 299-1 at 4, ¶8. Additional evidence given at a July 2018 detention hearing in the parallel criminal proceedings against Defendant Christopher Faulkner established that Ms. Faulkner traveled to Lebanon in April 2018 and "[s]hortly thereafter,

---

[2] ECF No. 108, as amended by ECF No. 142, as amended by ECF No. 320, as amended by ECF No. 418.

[3] Citations to pages in ECF filings refer to page numbers in the ECF-applied header.

[the Ambleside Residence] was listed for sale…." *See United States v. Faulkner*, No. 3:18-MJ-407, slip op. at 3 (N.D. Tex. Aug. 2, 2018) (Fitzwater, J.).

Ms. Faulkner opposed the Fee Award Contempt Motion and Constructive Trust Motion. ECF Nos. 308, 309. Ms. Faulkner admitted that the Ambleside Residence was listed for sale. ECF No. 308 at 9, 12. In opposing the Fee Award Contempt Motion Ms. Faulkner asserted that (1) she did not have the ability to pay the Fee Award (ECF No. 309 at 7); and (2) that alleged liabilities of certain Receivership Entities to her should be credited to the amount owed on the Fee Award (*id*. at 7-9).

The Court held an evidentiary hearing on the Receiver's Motions on December 14, 2018. The Court thereafter granted the Receiver's Fee Award Contempt Motion, disregarding Ms. Faulkner's arguments and ordering that she pay the Fee Award within 90 days, by April 22, 2019, or be subject to a $250 per day nonpunitive penalty. Penalty Order at 14. Specifically, the Court held that Ms. Faulkner's ownership of the Ambleside Residence meant that her compliance with the Contempt Order and payment of the Fee Award was not impossible. *Id*. at 10. The Court observed that given the amount of equity Ms. Faulkner held in the Ambleside Residence, the remaining proceeds from the sale of her residence "should be more than sufficient to enable [Ms. Faulkner] to support herself." *Id*. at 14, fn.7. Moreover, the Court held that her $10,000 payment to the Receiver of Receivership Assets could not be credited against her liabilities to the Receivership Estate. *Id*. at 5, fn.4.

## II.    Argument

Ms. Faulkner's assertion that she needs additional time in order to list the Ambleside Residence during the purported "selling season" of April 1 to August 30, 2019 is belied by her

previous listing of the Ambleside Residence during the "selling season" of 2018. As previously asserted by the Receiver, and admitted by Ms. Faulkner, the Ambleside Residence was listed by a Realtor for sale on the Multiple Listing Service as of August 3, 2018. Evidence was given at a July 2018 detention hearing in the parallel criminal proceedings against Defendant Christopher Faulkner that Ms. Faulkner traveled to Lebanon in April 2018 and "[s]hortly thereafter, [the Ambleside Residence] was listed for sale…." *See United States v. Faulkner*, No. 3:18-MJ-407, slip op. at 3 (N.D. Tex. Aug. 2, 2018) (Fitzwater, J.).

The Ambleside Residence was listed for sale during the 2018 "selling season" and voluntarily taken off the market by Ms. Faulkner -- and at the time the Receiver discovered the listing of the residence and demanded payment from proceeds of its sale. This is a situation of Ms. Faulkner's making. Her request that she be given additional time to procure the sale of the Ambleside Residence for a second "selling season" is nothing more than a delay tactic designed to avoid payment of the Fee Award to the Receiver.

Moreover, Ms. Faulkner raises the same arguments in her Motion as she raised previously in her opposition to the Receiver's Fee Award Contempt Motion, and which were rejected by the Court. Ms. Faulkner repeatedly asserts that she has limited income of approximately $2,000 per month, while ignoring the hundreds of thousands of dollars in equity she possesses through the Ambleside Residence. Her payment of the Fee Award, as previously held by the Court, is not impossible while she owns the Ambleside Residence.

Lastly, Ms. Faulkner's assertions that -- essentially -- the Fee Award should be credited against purported liabilities she is owed from Receivership Entities is wholly without merit and was previously rejected by the Court. As an initial matter, the Court recently approved -- subject to notification procedures to potential claimants -- a plan for the ultimate distribution of

Receivership Assets. ECF No. 424. That plan states that "unsecured claims against the estates of the Receivership Entities which do not arise from investments in [Breitling Oil & Gas Corporation ("BOG"), Breitling Royalties Corporation ("BRC"), Breitling Energy Corporation ("BECC"), Crude Energy, LLC ("Crude Energy"), Crude Royalties, LLC ("Crude Royalties"), and Patriot Energy, Inc. ("Patriot")] are subordinated" to claims which do so arise. *Id*. at 3. Under such a plan, the purported liabilities of Inwood Investments, Inc. to Ms. Faulkner would not even be considered by the Receiver until all investor-claimants received a 100% distribution of their investment principal. To the extent that Ms. Faulkner opposes such a distribution plan, she must oppose that plan by separate filing before the Court.[4]

Moreover, Ms. Faulkner's assertions that she had planned to use receivership assets in her possession to pay the Receiver, and that proposed settlement terms with the Receiver would have credited her Fee Award against those payments, is unavailing. As the Receiver testified (under cross-examination by Ms. Faulkner) at the December 14, 2018 hearing, no settlement ultimately was reached -- any prospective settlement terms discussed with the Receiver have no bearing on Ms. Faulkner's failure to pay the Fee Award. In fact, the Court held in its Penalty Order that Ms. Faulkner's $10,000 payment to the Receiver of Receivership Assets -- to which she was never entitled -- could not be credited against her liabilities to the Receivership Estate. Penalty Order at 5, fn.4. In this regard, the Receiver's recovery of assets in Christopher Faulkner's possession at the time of his arrest -- by definition "Receivership Assets"[5] -- also cannot be credited against Ms. Faulkner's Fee Award.

---

[4] Ms. Faulkner's proposed Motion for Leave to Sue the Receiver with respect to the purported liabilities of Receivership Entities to her is dead on arrival. Claims against Receivership Entities will be adjudicated pursuant to the final plan of distribution and the claims confirmation process detailed therein -- not through separate lawsuits filed by individual creditors.

[5] "[A]ll assets—in any form or of any kind whatsoever—owned, controlled, managed, or possessed by defendant[] Christopher A. Faulkner, … directly or indirectly." ECF No. 418 at 1.

### III.   Conclusion

The Fee Award was imposed by the Court on June 7, 2018. Ms. Faulkner listed the Ambleside Residence for sale in or about April 2018, and voluntarily took it off the market sometime after August 3, 2018, when the Receiver demanded payment of the Fee Award (and other liabilities owed by her as a result of her actions in contempt of the Orders of this Court) from the proceeds of any sale. Her voluntary refusal to sell the Ambleside Residence during the 2018 "selling season" is not a sufficient basis to extend the date on which the nonpunitive penalty imposed by the Court commences to after the 2019 "selling season." The additional arguments put forth by Ms. Faulkner were previously made to the Court, and rejected.  The Court should deny Ms. Faulkner's Motion. Any additional delay in satisfaction of the Fee Award would be detrimental to the Receivership Estate.

Dated: April 12, 2019

Respectfully submitted,

THE TAYLOR LAW OFFICES, PC

Thomas L. Taylor III
Texas Bar: 19733700
*taylor@tltaylorlaw.com*

245 West 18th Street
Houston, Texas 77008
Tel: 713.626.5300
Fax: 713.402.6154

COURT-APPOINTED RECEIVER


GOFORTH LAW, PLLC

By:      /s/ Andrew M. Goforth

Andrew M. Goforth
Texas Bar: 24076405
*andrew@goforth.law*

7614 Fairdale Lane
Houston, Texas 77063
Tel:  (713) 464-2263
Fax:  (713) 583-1762

COUNSEL FOR RECEIVER


## CERTIFICATE OF SERVICE

I certify that on April 12, 2019 I filed the foregoing document through the Court's CM/ECF filing system, which satisfies service requirements under FED. R. CIV. P. 5(b)(2)(E).

/s/ Andrew M. Goforth
Andrew M. Goforth