IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:16-CV-1735-D |
| VS. | § § | |
| CHRISTOPHER A. FAULKNER, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On March 25, 2019 nonparty Rothstein Kass & Company, PLLC ("Rothstein Kass") filed a motion for leave to take discovery from the temporary receiver ("Receiver") in connection with *Jinsun, L.L.C. v. Rothstein, Kass & Co., PLLC*, No. CC-17-06249-C (Cty. Ct. at Law No. 3, Dall. Cty., Tex. filed Nov. 28, 2017) ("the *Jinsun* Action"). Rothstein Kass seeks relief from the court's first amended order appointing receiver ("the Receivership Order") to the extent the Receivership Order prohibits such discovery.[1] Because the Receiver does not oppose providing the information described by Rothstein Kass in its motion, and he has not demonstrated that he is entitled to his attorney's fees in responding to the discovery request, the court grants Rothstein Kass's motion.[2]

In his response to Rothstein Kass's motion, the Receiver points out that any expenses he

---

[1] In making this ruling, the court does not hold that *no* discovery request could ever constitute interference with, or harassment of, a receiver under the terms of a receivership order.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

incurs in responding to discovery requests will ultimately be borne by the victims of Christopher Faulkner's fraud scheme. He asks the court to order that any party to the *Jinsun* Action who requests discovery from the receivership estate must pay the Receiver's reasonable costs, attorney's fees, and paralegal fees. Rothstein Kass does not oppose the Receiver's request for costs,[3] but it does oppose the Receiver's request for attorney's fees.

The court shares the Receiver's concern about imposing legal expenses on innocent victims of fraud. *See, e.g., SEC v. Faulkner*, 2018 WL 5924042, at *5 (N.D. Tex. Nov. 13, 2018) (Fitzwater, J.) ("[I]f Carole does not pay the reasonable costs of the Rule 11 Motion, the money must instead come from the receivership estate, which ultimately reduces the sums available to pay victims of Faulkner's securities fraud. These innocent victims should not have to bear the financial burden of Carole's Rule 11 violation."). But the Receiver in his response to Rothstein Kass's motion has provided no legal basis for the court to shift to Rothstein Kass the attorney's fees the Receiver incurs in responding to the discovery requests at issue. Accordingly, without suggesting that, were a receiver to demonstrate the court's authority to do so, the court would never award a federal receiver

---

[3]The court assumes that Rothstein Kass will conduct its discovery by requesting a subpoena from the state court overseeing the *Jinsun* Action. If so, then under Tex. R. Civ. P. 205.3(f), it will be necessary for Rothstein Kass to bear the Receiver's reasonable *costs* regardless of what this court decides. But the Texas rules do not provide for the shifting of attorney's fees. *See BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 872-75 (Tex. App. 2004, pet. denied).

his attorney's fees incurred in responding to discovery requests, the court denies the Receiver's present request without prejudice to his making the required showing in connection with a future discovery motion.

**SO ORDERED**.

June 5, 2019.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE