IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:16-CV-1735-D |
| VS. | § § | |
| CHRISTOPHER A. FAULKNER, et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

On April 22, 2019 the court received correspondence from defendant Christopher A. Faulkner ("Faulkner") stating that Faulkner's former attorneys, Lawrence J. Friedman, Esquire ("Friedman") and W. Carter Boisvert, Esquire ("Boisvert"), have refused to forward new filings in this case to him, contrary to his instructions. Friedman, Boisvert, and their law firm, Friedman & Feiger, LLP, now move under Fed. R. Civ. P. 12(f) to strike portions of this correspondence as scandalous. They contend that Faulkner never instructed them to forward new filings to him or to update him on the case, and that they never agreed to do so. Without suggesting that Faulkner's assertions are accurate in any respect, the court denies the motion.[*]

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. 2008). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* (quoting *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.)).

Moreover, although Rule 12(f) authorizes the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," *id.* (emphasis added), it only applies to pleadings. *See, e.g., NexBank, SSB v. Bank Midwest, N.A.*, 2012 WL 4321750, at *2 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (denying plaintiff's motion to strike defendant's notice of removal because, *inter alia*, a notice of removal is not a pleading); *Groden v. Allen*, 2009 WL 1437834, at *3 (N.D. Tex. May 22, 2009) (Fitzwater, C.J.) (holding that Rule 12(f) "does not permit the Court to strike motions or matters within them because the rule applies only to pleadings" (citing *Shah v. Chertoff*, 2007 WL 2948362, at *5 (N.D. Tex. Oct. 10, 2007) (Ramirez, J.))); *cf. United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (assuming, without deciding, that Rule 12(f) can be used to strike summary judgment filings). Rule 7(a) provides a list of permitted "pleadings" that determines what constitutes a pleading that is subject to being stricken under Rule 12(f). Rule 7(a) limits the universe of allowed "pleadings" to "(1) a complaint; (2) an

answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Moreover, Rule 12(f) motions "are viewed with disfavor" and should be granted "only when the pleading to be stricken has no possible relation to the controversy." *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 645 (N.D. Tex. 2007) (Ramirez, J.), *rec. adopted*, 500 F.Supp.2d at 624 (N.D. Tex. 2007) (Lynn, J.).

In moving to strike portions of Faulkner's correspondence, Friedman, Boisvert, and Friedman & Feiger, LLP do not seek to strike matters from a pleading within the meaning of Rule 12(f), and the statements that they seek to strike—even if construed as part of a pleading—have a definite relation to this case. Accordingly, because Friedman, Boisvert, and Friedman & Feiger, LLP are not entitled under Rule 12(f) to strike Faulkner's correspondence or any portion thereof, the court denies their motion to strike.

**SO ORDERED**.

June 18, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE