IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | Civil Action No. 3:16-CV-1735-D |
| VS. § § | |
| CHRISTOPHER A. FAULKNER, et al., § § | |
| Defendants. § | |

**FINAL JUDGMENT
AS TO DEFENDANTS PARKER R. HALLAM,
DUSTIN MICHAEL MILLER RODRIGUEZ, AND BETH C. HANDKINS**

For the reasons set out in a memorandum opinion and order filed today, it is ordered and adjudged that plaintiff Securities and Exchange Commission's ("SEC's" or "Commission's") motion for remedies and motion for final judgments as to defendants Parker R. Hallam ("Hallam"), Dustin Michael Miller Rodriguez ("Miller"), and Beth C. Handkins ("Handkins") are granted, and that the SEC recover final judgment from Hallam, Miller, and Handkins as follows.

I

It is ordered and adjudged that defendant Hallam shall pay disgorgement in the amount of $1,901,480, plus prejudgment interest thereon in the amount of $424,375.38.

It is further ordered and adjudged that defendant Miller shall pay disgorgement in the amount of $1,454,533.00, plus prejudgment interest thereon in the amount of $266,524.97.

It is further ordered and adjudged that defendant Handkins shall pay disgorgement in the amount of $838,950, plus prejudgment interest thereon in the amount of $156,960.22.

II

It is further ordered and adjudged that, pursuant to § 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(d)] and § 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(3)], defendant Hallam shall pay a penalty in the amount of $1,901,480.

It is further ordered and adjudged that, pursuant to § 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and § 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], defendant Miller shall pay a penalty in the amount of $1,454,533.00.

It is further ordered and adjudged that, pursuant to § 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and § 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], defendant Handkins shall pay a penalty in the amount of $838,950.

III

It is further ordered and adjudged that defendants Hallam, Miller, and Handkins shall satisfy their obligations by paying the amounts ordered in §§ I and II of this final judgment to the court-appointed receiver—Thomas L. Taylor III (the "Receiver")—for the estates of defendants Christopher A. Faulkner, Breitling Oil & Gas Corporation, Breitling Energy Corporation, Crude Energy LLC, and Patriot Energy, Inc., and non-parties Breitling Royalties Corporation, Breitling Ventures Corporation, Breitling Operating Corporation, Breitling Energy Companies, Inc., Breitling Royalty Funds, LLC, Crude Royalties, LLC, Inwood Investments, Inc, and Grand Mesa Investments, Inc., within 28 days after entry of this final judgment. Upon receipt by the Receiver, such funds shall become Receivership Assets within the meaning of the term in this court's January 6, 2020 third amended order appointing receiver.

Defendants shall make payment in accordance with the following instructions. Payment must be: (a) made by United States postal money order, certified check, bank cashier's check, or bank money order; (b) made payable to "Receiver's Account, Estate of C. Faulkner, et al."; (c) hand-delivered or mailed to Thomas L. Taylor III, The Taylor Law Offices, P.C., 245 West 18th Street, Houston, Texas 77008; and (d) submitted under cover letter that identifies the defendant submitting the payment and the case number of this civil action (*SEC v. Christopher A. Faulkner, et al.*, Civil Action No. 3:16-CV-1735-D (N.D. Tex.)).  Further, defendants shall simultaneously send a copy of the cover letter and money order or check to B. David Fraser, Division of Enforcement, Securities and Exchange Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, Texas 76102.  By making this payment, defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendants.

The Commission may enforce the court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) 14 days after defendants fail to make any payment ordered herein.

IV

It is further ordered and adjudged that, if the court discharges the Receiver before defendants fully pay the amounts ordered in §§ I and II of this final judgment, then defendants shall pay their respective outstanding balance, plus any post-judgment interest, to the Commission.  For any such payment, defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

       Enterprise Services Center
       Accounts Receivable Branch
       6500 South MacArthur Boulevard
       Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; name of the paying defendant in this action; and specifying that payment is made pursuant to this final judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to defendants.

The Commission shall hold the funds (collectively, the "Fund") and shall propose a plan concerning the Fund's disposition, subject to the court's approval.  The court shall retain jurisdiction over the administration of any distribution of the Fund.

Regardless of whether any such Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this final judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on each defendant's respective payment of disgorgement in this action, argue that he or she is entitled to, nor shall he or she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of each defendant's respective payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, that defendant shall, within 28 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty

Offset to the Fund. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this final judgment.

For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against that defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the complaint in this action.

V

It is further ordered and adjudged that defendant Hallam is permanently enjoined from participating, directly or indirectly, including, but not limited to, through any entity owned or controlled by him, in the issuance, purchase, offer, or sale of any unregistered securities, provided however that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

VI

It is further ordered and adjudged that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this final judgment.

VII

Pursuant to Fed. R. Civ. 54(b), the court expressly determines that there is no just reason for delay and directs the clerk of court to enter this as a final judgment.

Done at Dallas, Texas January 8, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE