IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § § | Civil Action No. 3:16-CV-1735-D |
| VS. § § | |
| CHRISTOPHER A. FAULKNER, et al., § § | |
| Defendants. § | |

# **FINAL BAR ORDER**

I

Before the court is the April 21, 2021 motion to enter proposed final bar order (the "Motion") filed by Thomas L. Taylor III, solely in his capacity as court-appointed temporary receiver for the Receivership Entities (the "Receiver"). The Motion is related to the Agreement among and between Rothstein Kass P.A. d/b/a/ Rothstein Kass & Co. P.C. ("Rothstein Kass P.C.") and Rothstein Kass & Company, PLLC ("Rothstein Kass PLLC," and, together with Rothstein Kass P.C., "Rothstein Kass") and the Receiver, parties to the Rothstein Kass Action.

In a memorandum opinion and order filed on September 2, 2021, the court preliminarily approved the proposed Final Bar Order. *SEC v. Faulkner*, 2021 WL 3930091, at \*16 (N.D. Tex. Sept. 2, 2021) (Fitzwater, J.). The court granted the Receiver's request to enter a scheduling order and stated that, if any timely, written objections were filed, it would decide whether to hold a final fairness hearing on the proposed Final Bar Order. *Id.* at \*18. Because no objections were filed by the October 29, 2021 deadline set in the scheduling order, and the objecting parties were fully heard at the August 17, 2021 oral argument on preliminary approval, the court concludes that final approval of the proposed Final Bar Order can be given without holding another fairness hearing.

Accordingly, following due notice and having considered the filings and the arguments of counsel, the court grants the Motion and enters this Final Bar Order. The court adopts its September 2, 2021 memorandum opinion and order in support of its final finding that the Final Bar Order is fair, just, and equitable, and in the best interests of the receivership estate.

II

Unless expressly otherwise defined, terms used in this Final Bar Order that are defined in the Agreement have the same meaning as in the Agreement. "The Agreement" means the settlement agreement among and between Rothstein Kass P.A. d/b/a/ Rothstein Kass & Co. P.C. and Rothstein Kass & Company, PLLC and the Receiver.

III

The court having granted the Motion, it is ordered as follows:

A. The court permanently bars, restrains, and enjoins the Receiver, the Receivership Estate, the *Jinsun* Plaintiffs, and all other persons or entities, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against Rothstein Kass or any of the Rothstein Kass Released Parties, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including, but not limited to, litigation, arbitration, or other proceeding, in any forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, related to, or is connected with (i) the Rothstein Kass audits of

BOG, BRC, and BECC; (ii) the Receivership Entities; (iii) any investment of any type with any one or more of the Receivership Entities; (iv) any one or more of Rothstein Kass's relationships with any one or more of the Receivership Entities; (v) the *Jinsun* Action; (vi) Rothstein Kass's provision of services to or for the benefit or on behalf of the Receivership Entities; or (vii) all matters that were or could have been asserted in the above-styled action, the Rothstein Kass Action, the *Jinsun* Action, or any proceeding concerning the Receivership Entities pending or commenced in any forum.  The foregoing specifically includes any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise.  Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited all claims released as a result of the Agreement ("Settled Claims"), that Rothstein Kass may have against any Rothstein Kass Released Party, including but not limited to Rothstein Kass's insurers, reinsurers, employees and agents.  Further, the Parties retain the right to sue for alleged breaches of the Agreement.

B.  Nothing in this Final Bar Order or the Agreement, and no aspect of the Agreement or negotiation thereof, is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of the Parties and of Brian Matlock with regard to any of the complaints, claims, allegations, or defenses in the Rothstein Kass Action, the *Jinsun* Action, or any other proceeding.

C.  Without in any way affecting the finality of this Final Bar Order, the court retains continuing and exclusive jurisdiction over the parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Agreement, the scheduling order, and this Final Bar Order, including, without limitation, the injunctions, bar orders, and releases herein.

D.  The Final Bar Order shall be served by counsel for the Receiver via email, first class mail, or international delivery service on any person or entity that filed an objection to approval of the Agreement or this Final Bar Order.

**SO ORDERED**.

November 2, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE