IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:16-CV-1735-D |
| VS. | § § | |
| CHRISTOPHER A. FAULKNER, et al., | § § | |
| Defendants. | § § | |

## ORDER

Thomas L. Taylor III, the court-appointed temporary receiver ("Receiver"), moves for clarification of the court's November 5, 2021 order granting the Receiver's motion for entry of order confirming sale of real property ("Confirmation Order") (ECF No. 640).  The motion is opposed by John & Theresa Hillman Family Properties, LP, and Elm Creek Energy, LLC (collectively, the "Buyers").  The court has heard oral argument and now grants the Receiver's motion.

Article 3 of each assignment[1] provides, in pertinent part, that the grantor[2] conveys certain enumerated interests—including suspended funds—to the Buyers.  Article 3, however, specifies that the grantor conveys only those suspended funds "with respect to any oil, gas and/or other minerals produced from, or attributable to, the Lands after the Effective Date of this Conveyance."  In other words, if there are funds derived from oil, gas, and/or other minerals produced before the Effective Date of the assignment, the funds belong to the Receiver; if there are funds derived from oil, gas, and/or other minerals produced after the Effective Date of the assignment, the funds belong to the

---

[1]The transactions include various types of assignments, such as an Assignment, Conveyance and Bill of Sale and an Assignment and Conveyance of Overriding Royalty Interests.

[2]Breitling Royalties Corporation.

Buyers.  The court holds that, under Article 3's unambiguous terms, this means that the grantor conveys to the Buyers only suspended funds with respect to oil, gas, and/or other minerals produced from, or attributable to, the Lands[3] after September 1, 2021.[4]

Whatever role Article 4 plays in the assignment, it does not change this clear-cut interpretation of Article 3.  The assignment is clear that Article 4 "further define[s]" the Effective Date of each assignment, and Article 4 itself states that the Effective Date should be considered the first day of the month from which a check or bill was received.  But it simply does not, as the Buyers contend, say that the check date is the relevant date for determining what was conveyed: under Article 4, the check date's relevance only extends so far as determining the effective date for that check.

Accordingly, the court clarifies that the Buyers are not entitled under the assignments to funds previously held in suspense by certain oil and gas operators and purchasers (the "Suspense Funds")[5]; that the Suspense Funds were not conveyed to the Buyers as part of their purchase; and that the Confirmation Order did not confirm the sale of the Suspense Funds to the Buyers.  The Receiver shall

---

[3]The term "the 'Lands'" is also defined in Article 3.

[4]To the extent it is necessary for the court to make findings of fact and conclusions of law in deciding this motion, they are contained in this order.

[5]At oral argument, the Receiver advised the court that he and the Buyers could resolve the specific amounts of "Suspense Funds" to which the receivership estate and the Buyers are entitled. He also stated that, in his view, the parties were about $13,000 apart, and that he would concede that difference to the Buyers in the exercise of business judgment.  If the Receiver and the Buyers cannot resolve a disagreement over the amounts to which they are entitled under this clarification order, they may seek the court's assistance after undertaking a good faith attempt to resolve their disagreement.

retain the Suspense Funds for the benefit of the receivership and distribute them according to the orders of this court.

**SO ORDERED**.

April 28, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE