IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 3:16-CV-1735-D |
| CHRISTOPHER A. FAULKNER,<br>BREITLING ENERGY CORPORATION,<br>JEREMY S. WAGERS,<br>JUDSON F. ("RICK") HOOVER,<br>PARKER R. HALLAM,<br>JOSEPH SIMO,<br>DUSTIN MICHAEL MILLER RODRIGUEZ,<br>BETH C. HANDKINS,<br>GILBERT STEEDLEY,<br>BREITLING OIL & GAS CORPORATION,<br>CRUDE ENERGY, LLC,<br>PATRIOT ENERGY, INC., | § § § § § § § § § § § § § | |
| Defendants, | § § | |
| and | § | |
| TAMRA M. FREEDMAN and<br>JETMIR AHMEDI, | § § § § | |
| Relief Defendants. | § § | |

**FINAL JUDGMENT AS TO DEFENDANTS BREITLING ENERGY CORPORATION, BREITLING OIL & GAS CORPORATION, CRUDE ENERGY, LLC, AND PATRIOT ENERGY, INC.**

The Securities and Exchange Commission having filed a Complaint, as amended, and

Defendants Breitling Energy Corporation ("BEC"), Breitling Oil & Gas Corporation ("BOG"),

Crude Energy, LLC ("Crude"), and Patriot Energy, Inc. ("Patriot") (collectively, "Defendants")

having entered general appearances; consented to the Court's jurisdiction over Defendants and

1

the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant BEC is permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by failing to file annual, current, or quarterly reports in conformity with the instructions on Form 10-K, Form 8-K, and Form 10-Q, respectively, by failing to file such reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X [17 C.F.R. §§ 229.10 *et seq*. and 210.1-01 *et seq*.], or by failing to include such further material information as may be necessary to make the required statements in such reports, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant BEC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant BEC or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant BEC is permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by:

    (A)    failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    (B)    failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

        (1)    transactions are executed in accordance with management's general or specific authorization;

        (2)    transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (b) to maintain accountability for assets;

        (3)    access to assets is permitted only in accordance with management's general or specific authorization; and

        (4)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant BEC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant BEC or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant BEC is permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)], and Rule 14a-9 [17 C.F.R. § 240.14a-9] promulgated thereunder, by making use of the mails or any means or instrumentality of interstate commerce or of any facility

of a national securities exchange or otherwise, to solicit or permit the use of its name to solicit any proxy, consent, authorization, or notice of meeting with respect to any security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, that contains any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false and misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant BEC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant BEC or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants BOG, Crude, and Patriot are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

  (b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants BOG's, Crude's, and Patriot's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants BOG's, Crude's, and Patriot's or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants BOG, Crude, and Patriot are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants BOG's, Crude's, or Patriot's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants BOG, Crude, or Patriot or with anyone described in (a).

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement in the amount of $71,050,871.19, representing profits gained as a result of the conduct alleged in the Complaint [Dkt. No 1] and

First Amended Complaint [Dkt. No. 22], together with prejudgment interest thereon in the amount of $26,409,959.34, for a total of $97,460,830.53.

WHEREAS on January 6, 2020, the Court entered its Third Amended Order Appointing Receiver [Dkt. No. 496] ("Third Amended OAR") finding the appointment of a receiver "necessary and appropriate for the purposes of marshaling and preserving all assets—in any form or of any kind whatsoever—owned, controlled, managed, or possessed by defendants Christopher A. Faulkner, [BOG], [BEC], [Crude] and [Patriot], and non-parties Breitling Royalties Corporation ("BRC"), Breitling Ventures Corporation ("BVC"), Breitling Holdings Corporation ("BHC"), Breitling Operating Corporation ("Breitling Ops"), Breitling Energy Companies, Inc. ("BECOS"), Breitling Royalty Funds, LLC ("BRF"), Crude Royalties, LLC ("Crude Royalties"), Inwood Investments, Inc. ("Inwood Investments") and Grand Mesa Investments, Inc. ("Grand Mesa") (collectively, the "Receivership Entities"), directly or indirectly ("Receivership Assets")." The Court then appointed Thomas L. Taylor (the "Receiver") to serve as the court-appointed receiver for the Receivership Assets. *Id.* at ¶ 2.

IT IS THEREFORE FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' obligations to pay the disgorgement and the prejudgment interest amounts identified above shall be deemed satisfied by (i) the ultimate recovery and distribution of assets by the Receiver, based upon the Court's approval of the Receiver's submission of a final report and accounting at the conclusion of the Receivership, and (ii) any future transfers of moneys or payments identified in Section VIII, below.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, following the Court's discharge of the Receiver, Defendants shall transfer to the Commission the entire

balance of any and all moneys received from the Receivership Assets, held for the benefit of each of the Receivership Entities, or payments obtained through civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (i) the Receiver, in his capacity as Receiver; and (ii) any Receivership Assets, wherever located. Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendants' names as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.  The Commission may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendants BEC, BOG, Crude, and Patriot is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: June 23, 2023 , _____

_____
SIDNEY A. FITZWATER
SENIOR JUDGE