IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § | |
| § | |
| v. § | Case No.: 3:16-CV-1735-D |
| § | |
| CHRISTOPHER A. FAULKNER, § | |
| BREITLING ENERGY CORPORATION, § | |
| JEREMY S. WAGERS, § | |
| JUDSON F. ("RICK") HOOVER, § | |
| PARKER R. HALLAM, § | |
| JOSEPH SIMO, § | |
| DUSTIN MICHAEL MILLER RODRIGUEZ, § | |
| BETH C. HANDKINS, § | |
| GILBERT STEEDLEY, § | |
| BREITLING OIL & GAS CORPORATION, § | |
| CRUDE ENERGY, LLC, § | |
| PATRIOT ENERGY, INC., § | |
| § | |
| Defendants, § | |
| § | |
| and § | |
| § | |
| TAMRA M. FREEDMAN and § | |
| JETMIR AHMEDI, § | |
| § | |
| Relief Defendants. § | |

**FINAL JUDGMENT AS TO DEFENDANT GILBERT STEEDLEY**

The Securities and Exchange Commission having filed a Complaint [Dkt. No. 1] and First Amended Complaint [Dkt. No. 22] (collectively, "Complaint") and Defendant Gilbert Steedley ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as

1

otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for a civil penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $50,000 to the court-appointed receiver—Thomas L. Taylor (the "Receiver")—for the estates of Defendants Christopher A. Faulkner, Breitling Oil & Gas Corporation, Breitling Energy Corporation, Crude Energy, LLC and Patriot Energy, Inc., and non-parties Breitling Royalties Corporation, Breitling Ventures Corporation, Breitling Holdings Corporation, Breitling Operating Corporation, Breitling Energy Companies, Inc., Breitling Royalty Funds, LLC, and Crude Royalties, LLC.  Upon receipt by the Receiver, such funds shall become Receivership Assets within the meaning of the term in this Court's Third Amended Order Appointing Receiver [Dkt. No. 496].

Defendant shall make payment in accordance with the following instructions.  Payment must be:  (a) made by United States postal money order, certified check, bank cashier's check, or bank money order; (b) made payable to "Receiver's Account, Estate of C. Faulkner, et al."; (c) hand-delivered or mailed to Thomas L. Taylor, The Taylor Law Offices, P.C., 245 West 18th Street, Houston, Texas 77008; and (d) submitted under cover letter that identifies the Defendant submitting the payment and the case number of this civil action (*SEC v. Christopher A. Faulkner, et al.*, Civ. Act. No. 3:16-1735-D (N.D. Tex.)).  Further, Defendant shall simultaneously send a copy of the cover letter and money order or check to B. David Fraser, Division of Enforcement, Securities and Exchange Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, Texas 76102.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) 14 days after Defendant fails to make any payment ordered herein.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, in the event the Court discharges the Receiver before Defendant fully pays the $50,000 ordered in Section II, above, then Defendant shall pay the outstanding balance, plus any post-judgment interest, to the Commission. For any such payment, Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Gilbert Steedley as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued

4

in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially

the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 23, 2023 , \_\_\_\_\_

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

7